# EXHIBIT C

1999 WL 1456536
Only the Westlaw citation is currently available.
United States Court of Appeals, Third Circuit.

UNITED STATES OF AMERICA
v.
Vincenzo CIRILLO a/k/a Enzo Cirillo a/k/a Mike Fusco Vincenzo Cirillo, Appellant

No. 99-1514.
|
July 13, 1999.

On Appeal from the United States District Court for the Eastern District of Pennsylvania. (D.C.Crim. No. 99-cr-00335-1).

Before: BECKER, Chief Judge, RENDELL and ALDISERT Circuit Judges.

ORDER

BECKER, Chief J.

**\*1** This case comes before us as a Motion to Vacate the District Court's Pretrial Detention Order and to Reinstate the Magistrate Judge's Release Order, On May 17, 1999, appellant Vincenzo Cirillo, a citizen and resident of Canada, was arrested in Philadelphia, and later charged with conspiracy to distribute a controlled substance. On May 25, 1999, a Magistrate Judge found that probable cause existed to charge Cirillo, but ordered his release upon posting of $500,000 (10 percent cash) bond. The Magistrate Judge also established certain conditions of release, including Cirillo's signing of an "irrevocable waiver of extradition." On June 3, 1999, the District Court entered an oral order from the bench, revoking the Magistrate Judge's order. A written order followed, on June 8, 1999, revoking the release order and ordering Cirillo held in custody pending trial. On June 25, 1999, Cirillo, through counsel, filed the present motion to vacate the District Court's order and to reinstate the Magistrate Judge's order.

We have jurisdiction to consider this motion under 18 U.S.C. § 3145(c), and 28 U.S.C. § 1291. Our review of the District Court's order is de novo. *See United States v. Delker,* 757 F.2d 1390, 1400 (3d Cir.1985) ("[A]ppellate courts [must] give the reasons articulated by trial judges respectful consideration, but if, after careful assessment of the trial judge's reasoning, together with such papers, affidavits, and portions of the record as the parties present, the court of appeals independently reaches a conclusion different from that of the trial judge the court of appeals has the power to amend or reverse a detention or release decision.").

A defendant may not be detained pending trial unless "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In ordering Cirillo held pending trial, the District Court relied solely on the fact that Cirillo's appearance at trial could not be "reasonably assured," even with the conditions imposed by the Magistrate Judge. The burden is on the government to prove by a preponderance that no condition or combination of conditions exists that can reasonably assure the defendant's appearance at trial. *See United States v. Himler,* 797 F.2d 156, 161 (3d Cir.1986).

The factors governing the above determination are outlined in 18 U.S.C. § 3142(g). They include the weight of the evidence against the defendant, the "nature and circumstances of the offense charged," the "history and characteristics of the person," including whether the defendant was on probation or parole at the time of the alleged offense, and the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." The government has presented sufficient prima facie evidence of Cirillo's commission of the charged crime that the Magistrate Judge found probable cause existed to charge Cirillo. Our review of the record supports this conclusion. However, the weight of the evidence against the defendant is only one of the relevant factors. Each of the other factors favors Cirillo.

**\*2** Cirillo's strong family ties, lack of a prior criminal record, employment in a well-established family business, alleged commission of a nonviolent crime, and signing of an "irrevocable waiver of extradition" all support the Magistrate Judge's conclusion that his appearance at trial can be reasonably assured. This is particularly true given his family's willingness to secure his release through a mortgage against their home, worth an estimated $200,000, and a pledge of the substantial (over $500,000) assets of their business. *See United States v. Carbone,* 793 F.2d 559, 561 (3d Cir.1986) (holding that district court correctly released defendant before trial, when defendant's friends "posted one million dollars in

property as surety," defendant was a first time offender with an offer of employment pending trial, and he was confined to his parent's home from 8pm to 6am every day until trial); *cf. Himler,* 797 F.2d at 161-62 (holding that lower court erred in ordering defendant held pending trial, despite the fact that the defendant's father had offered only $2000 to secure his release, defendant was unemployed, and he was "clearly capable of obtaining false identification"). Finally, the supporting documents produced on Cirillo's behalf by Canadian and United States attorneys adequately respond to the government's single document from the Department of Justice indicating that collecting Canadian assets in a bail forfeiture proceeding or extraditing a defendant from Canada would not be "simple matter[s]."[1]

For the foregoing reasons, the Motion to Vacate the District Court's Order is hereby granted, and the case remanded to the District Court with directions to reinstate the Release Order of the Magistrate Judge, with such additional conditions that the District Court deems necessary to reasonably assure defendant's appearance at trial.

**All Citations**

Not Reported in F.3d, 1999 WL 1456536

Footnotes

1   Contrary to the District Court's intimations, *see* Dist.Ct.Op. at 7 n. 2, the rebutable presumption in § 3142(e) does apply in this case, as Cirillo was charged with one of the enumerated offenses that carry a maximum prison term of more than ten years. *See* 21 U.S.C. § 841(b)(1)(C). The presumption applies regardless of the maximum term that Cirillo would face under the Sentencing Guidelines. We have considered the presumption, however, and find that Cirillo has presented sufficient evidence to rebut it. Once he has done so, the burden of persuasion remains on the government, *see United States v. Suppa,* 799 F.2d 115, 119 (3d Cir.1986), and our consideration of all of the factors in § 3142(g) leads us to conclude that Cirillo's appearance at trial can be reasonably assured, even given the offenses with which he is charged.

**End of Document**   © 2020 Thomson Reuters. No claim to original U.S. Government Works.