UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Claire C. Cecchi |
| v. | |
| | Criminal No.  19-877 |
| MATTHEW BRENT GOETTSCHE [DEFENDANT TWO] JOBADIAH SINCLAIR WEEKS JOSEPH FRANK ABEL SILVIU CATALIN BALACI | SCHEDULING ORDER |

This matter having come before the Court for consideration; and the United States being represented by Craig Carpenito, United States Attorney for the District of New Jersey (by Jamie L. Hoxie, David W. Feder, Anthony P. Torntore, Assistant U.S. Attorneys, appearing (the "Government's Attorneys")); and defendant Matthew Brent Goettsche being represented by Rodney Villazor, Esq., Andrew Lourie, Esq., Hartley M.K. West, Esq., and Benjamin J.A. Sauter, Esq.; and defendant Jobadiah Sinclair Weeks being represented by Adam P. Schwartz, Esq., Andrew M. Hinkes, Esq., Michael L. Yaeger, Esq., and Simon A. Gaugush, Esq.; and defendant Joseph Frank Abel being represented by Jason J. LeBoeuf, Esq. (collectively, the "Defendants"); and the parties having met and conferred; and the Government having submitted the proposed scheduling order; and Defendant Abel agreeing to the Government's proposed scheduling order; and the Court having determined that this matter may be treated as a criminal case that requires extensive discovery within the meaning of paragraph 4 of this Court's Standing Order for Criminal Trial Scheduling and Discovery;

and the Court having accepted the Government's proposed schedule for the

exchange of the discovery, and for good cause shown,

It is on this ___ day of February, 2020, ORDERED that:

1.  The parties will work together to submit a protective order to the Court

no later than February 28, 2020.

2.  The Government shall provide any oral, written or recorded statement

of the Defendants (excluding written or recorded statements made via email,

electronic messenger, and/or Facebook chats), on or before March 17, 2020.

3.  The Government shall provide exculpatory evidence, within the

meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before

March 17, 2020.  Exculpatory evidence that becomes known to the Government

after that date shall be disclosed reasonably promptly after becoming known to

the Government.

4.  If the Government intends to introduce into evidence in its case-in-

chief a confession made to law enforcement authorities by one defendant that

names or makes mention of a co-defendant, a copy of that statement or

confession shall be disclosed by the Government on or before March 17, 2020.

The Government shall provide a proposed redaction to that statement to

conform with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968)

and its progeny, on or before March 17, 2020.

5.  The Government shall provide discovery required by Federal Rule of

Criminal Procedure 16(a)(1) as soon as practicable, with rolling productions

beginning at least on or before March 17, 2020 and with discovery produced

and/or made available on or before August 28, 2020.  The Government agrees that it will, by March 17, 2020, provide copies of the BitClub Network servers that are currently in its possession, custody, and control of the Government to defendants who have provided to the Government with sufficient electronic storage to copy the servers.  Disclosures set forth in Federal Rule of Criminal Procedure 16(a)(1)(F) (Reports of Examinations and Tests) and 16(a)(1)(G) (Expert Witnesses) will be provided pursuant to a proposed schedule set forth at the First Status Conference (defined below).

6.   The parties have agreed to the following schedule for the review and determination of potentially privileged material (the "Filter Schedule"):

a.   On or before February 28, 2020, the Government, through the Government's filter attorney (the "Filter Attorney") will provide each Defendant with a list of the search terms that have been used to segregate all potentially privileged and attorney work-product protected materials ("Potentially Privileged Materials") within the Defendants' personal electronic accounts (the "Personal Electronic Data").  If a particular Defendant has additional reasonable search terms to propose with respect to the Personal Electronic Data for that Defendant, those search terms shall be provided to the Filter Attorney on or before March 6, 2020 and applied to that Defendant's Personal Electronic Data. Upon the conclusion of these searches, the Filter Attorney will provide each Defendant with a copy of, or with access to, Potentially Privileged Materials segregated from that Defendant's Personal Electronic Data on or before April 3, 2020.

3

b.  With respect to the paper records and material taken from devices seized on or about December 10, 2019 (the "December 10th Materials"), no later than March 6, 2020, each Defendant will provide the Filter Attorney with reasonable search terms to be applied against the December 10th Materials that are associated with that Defendant, for the purpose of segregating Potentially Privileged Materials from other data.  Upon the conclusion of these searches, the Filter Attorney will provide each Defendant with a copy of, or with access to, the Potentially Privileged Materials that are segregated from the December 10th Materials that are associated with that Defendant on or before April 3, 2020.

c.  No later than April 30, 2020, each Defendant will provide the Filter Attorney with a privilege log identifying those materials, if any, over which the Defendant wishes to assert privilege.

d.  All Potentially Privileged Material over which a Defendant has not asserted a claim of privilege will be produced by the Filter Attorney to the Government's Attorneys on May 14, 2020.

e.  Any disputes between a Defendant and the Filter Attorney regarding the privileged nature of an item will be resolved on a schedule determined at the First Status Conference.

f.  The Government will produce to the Defendants any discoverable materials that were originally deemed Potentially Privileged Materials but ultimately determined not to be attorney-client privileged and/or work-product protected on a rolling basis after May 30, 2020.

4

7.  Each Defendant shall provide any and all notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 on or before September 15, 2020.

8.  Each Defendant shall provide the discovery required by Federal Rule of Criminal Procedure 16(b)(1) on or before September 15, 2020.

9.  A status conference (the "First Status Conference") shall be held on October ____, 2020 at _____ a.m./p.m., in order to assess the progress of discovery; to determine a schedule for the production of additional discovery if necessary; to consider any discovery disputes if necessary; to set or consider setting a schedule for the next status conference in this matter; and to set or consider setting a schedule for pretrial motions if a date for the completion of discovery can be determined.

_____

Honorable Claire C. Cecchi
United States District Judge