

ATTORNEYS AT LAW

**Corporate Center Three at International Plaza**
4221 W. Boy Scout Boulevard | Suite 1000
Tampa, Florida 33607-5780
P.O. Box 3239 | Tampa, Florida 33601-3239
813.223.7000 | fax 813.229.4133
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
New York
Orlando
Tallahassee
**Tampa**
Washington, DC
West Palm Beach

Simon A. Gaugush
Of Counsel
813.229.4227
sgaugush@carltonfields.com

February 21, 2020

The Honorable Claire C. Cecchi
United States District Judge
Martin Luther King Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:    *United States v. Matthew Goettsche, et al.,* 19-cr-877-CCC (D.N.J.)
            <u>Defendant Jobadiah Sinclair Weeks' Proposed Scheduling Order</u>

Your Honor:

    The parties have conferred on several occasions with the aim of reaching agreement on a proposed scheduling order for the above-referenced case. After multiple discussions, and good faith efforts by all sides, the parties are unable to reach an agreement on this matter. Each party has its reasons for taking its respective position and, without question, believes those reasons to be well-founded and reasonable. Mr. Weeks has attached his proposed scheduling order for this Court's consideration, but would respectfully recommend a hearing to resolve the parties' issues with their proposed, competing scheduling orders.

    The government has drafted a scheduling order anticipating reciprocal discovery to conclude in September 2020. The government's proposed scheduling order also recommends that the Court convene its first status conference in October 2020. For a defendant like Mr. Weeks, who has been detained since December 10, 2019, waiting 10 months in pretrial detention before the first status conference is an excessive amount of time.

    After having a dialogue with the government, Mr. Weeks recognizes that the parties will not, at least initially, be able to reach consensus on the scheduling order. As

opposed to proposing a scheduling order that lays out a discovery plan through the end of the anticipated discovery period, Mr. Weeks recommends an incremental approach. Mr. Weeks recommends that the government produce an initial batch of discovery, initiate the filter review process, hold a hearing to assess the status of discovery, and then devise a schedule to continue through the end of the discovery period, or implement the next incremental step in discovery.  Without receiving any discovery, Mr. Weeks is not comfortable agreeing to a continuance, and the waiver of speedy trial, for nine or ten months.  In reality, having the first status conference in October likely means a second status conference at the end of 2020 or the beginning of 2021.  The likely outcome of the government's proposed scheduling order is a trial in the spring of 2021.  This means Mr. Weeks will be detained for at least 16 months before trial.  Under the circumstances, a more incremental approach would be preferable over a process that could lead to the revelation of discovery issues for the first time at a status conference in October.  And, respectfully, defendant Joseph Abel's agreement to a continuance through the end of November should not dictate the same result for the remaining defendants.

      For the reasons stated above, a measured approach is the best approach.  Mr. Weeks recommends the attached proposed scheduling order to the Court and requests a hearing on this matter.

                                Sincerely,

                                *Simon Gaugush*

                                Simon A. Gaugush

SAG

Enclosures