UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW BRENT GOETTSCHE<br>[DEFENDANT TWO]<br>JOBADIAH SINCLAIR WEEKS<br>JOSEPH FRANK ABEL<br>SILVIU CATALIN BALACI | Hon. Claire C. Cecchi<br><br>Criminal No. 19-877<br><br><u>SCHEDULING ORDER</u><br><br>(**Proposal by Defendant Jobadiah Sinclair Weeks**) |

This matter having come before the Court for consideration; and the United States being represented by Craig Carpenito, United States Attorney for the District of New Jersey (by Jamie L. Hoxie, David W. Feder, Anthony P. Torntore, Assistant U.S. Attorneys, appearing (the "Government's Attorneys")); and defendant Matthew Brent Goettsche being represented by Rodney Villazor, Esq., Andrew Lourie, Esq., Hartley M.K. West, Esq., and Benjamin J.A. Sauter, Esq.; and defendant Jobadiah Sinclair Weeks being represented by Adam P. Schwartz, Esq., Andrew M. Hinkes, Esq., Michael L. Yaeger, Esq., and Simon A. Gaugush, Esq.; and defendant Joseph Frank Abel being represented by Jason J. LeBoeuf, Esq. (collectively, the "Defendants"); and the parties having agreed on a schedule for the initial exchange of discovery; and the Court having accepted such schedule, and for good cause shown,

It is on this ____ day of February, 2020, ORDERED that:

1. The parties will work together to submit a protective order to the Court no later than March 2, 2020.

2. The Government shall provide any oral, written or recorded statement of the Defendants (excluding written or recorded statements made via email, electronic messenger, and/or Facebook chats), on or before March 6, 2020.

3. The Government shall provide exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before March 6, 2020. Exculpatory evidence that becomes known to the Government after that date shall be disclosed reasonably promptly after becoming known to the Government.

4. If the Government intends to introduce into evidence in its case-in-chief a confession made to law enforcement authorities by one defendant that names or makes mention of a co-defendant, a copy of that statement or confession shall be disclosed by the Government on or before March 6, 2020. The Government shall provide a proposed redaction to that statement to conform with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968) and its progeny, on or before March 13, 2020.

5. The Government shall provide discovery required by Federal Rule of Criminal Procedure 16(a)(1) as soon as practicable, with an initial production on or before March 6, 2020. In addition to the items described above in paragraphs 2 – 4, this initial production shall, at least, consist of:

    a. A copy of the BitClub Network website/server;

    b. The return of the Defendants' respective electronic devices seized at the time of their arrests on or about December 10, 2019; and

    c. The records gathered by the government during the covert phase of its investigation that are subject to disclosure under Fed. R. Crim. P. 16(a)(1)(A) – (E).

6. The return of the Defendants' electronic devices, as required by paragraph 5(b), is dependent upon the Defendants' agreement not to challenge the authenticity of the records seized from those devices based on the Government no longer having custody of the devices.

7. The parties have agreed that potentially privileged materials obtained during the course of this investigation are subject to a filter review. To facilitate this filter review:

    a. On or before February 28, 2020, the Government, through the Government's filter attorney (the "Filter Attorney") will provide each Defendant with a list of the search terms that have been used to segregate all potentially privileged and attorney work-product protected materials ("Potentially Privileged Materials") within the Defendants' personal electronic accounts (the "Personal Electronic Data"). If a particular Defendant has additional reasonable search terms to propose with respect to the Personal Electronic Data for that Defendant, those search terms shall be provided to the Filter Attorney on or before March 6, 2020 and applied to that Defendant's Personal Electronic Data. Upon the conclusion of these searches, the Filter Attorney

will provide each Defendant with a copy of, or with access to, Potentially Privileged Materials segregated from that Defendant's Personal Electronic Data on or before March 27, 2020.

  b. With respect to the paper records and material taken from devices seized on or about December 10, 2019 (the "December 10th Materials"), no later than March 6, 2020, each Defendant will provide the Filter Attorney with reasonable search terms to be applied against the December 10th Materials that are associated with that Defendant, for the purpose of segregating Potentially Privileged Materials from other data. Upon the conclusion of these searches, the Filter Attorney will provide each Defendant with a copy of, or with access to, the Potentially Privileged Materials that are segregated from the December 10th Materials that are associated with that Defendant on or before March 27, 2020.

  c. No later than April 24, 2020, each Defendant will provide the Filter Attorney with a privilege log identifying those materials, if any, over which the Defendant wishes to assert privilege.

  d. Barring any unresolved objections brought to the Court's attention, all Potentially Privileged Material over which a Defendant has not asserted a claim of privilege will be produced by the Filter Attorney to the Government's Attorneys on May 8, 2020.

  e. Any disputes between a Defendant and the Filter Attorney regarding the privileged nature of an item will be brought to the attention of and resolved by the Court.

8. A status conference (the "First Status Conference") shall be held on March 30, 2020 at _____a.m./p.m. to assess the progress of discovery; to determine a schedule for the production of the remaining discovery; to consider any discovery disputes if necessary; and to set a date for the next status conference in this matter.

_____
Honorable Claire C. Cecchi
United States District Judge