Case 2:19-cr-00877-CCC   Document 64   Filed 03/20/20   Page 1 of 3 PageID: 1348



        **U.S. Department of Justice**

        *United States Attorney*
        *District of New Jersey*

___

*970 Broad Street, 7th floor*          973-645-2700
*Newark, New Jersey 07102*

March 20, 2020

**Filed Via ECF**
The Honorable Claire C. Cecchi
United States District Judge
Martin Luther King Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:   *United States v. Matthew Brent Goettsche, et al.*,
             Crim. No. 19-877

Your Honor:

      The United States of America, through the undersigned, respectfully submits this letter to: (1) provide this Court with a proposed scheduling order, *see* Government and Abel Proposed Scheduling Order, attached hereto; (2) outline the areas upon which the parties have not been able to come to an agreement; and (3) respectfully request that the Court extend the Speedy Trial Act deadlines (currently continued through May 11, 2020) through July 15, 2020—the outside date in the Government's proposed scheduling order, *see* Proposed Complex Case Continuance Order, attached hereto.

      The Government respectfully requests that the Court issue the proposed scheduling order included with this filing. Defendant Abel has agreed to the Government's proposed scheduling order. Defendants Goettsche and Weeks have been unable to agree to one particular provision, and Defendant Weeks (not joined by Defendant Goettsche) has been unable to agree to an additional provision. The parties' disagreements regarding scheduling are outlined below and in the attached document submitted as USA Exhibit A.

      *First*, defendants Goettsche and Weeks have refused to agree to the Government's proposal to provide all Rule 16 discovery to the Defendants that has not been segregated for the filter review process on or before May 11, 2020. Instead, defendants Goettsche and Weeks request that the Government produce all discoverable material collected during the covert portion of the

Government's investigation within the next ten days.  This proposal is not possible.

By way of background, on March 17, 2020, the Government outlined what it intends to produce to the Defendants as its initial major production of Rule 16 discovery in this case.  *See* March 17, 2020 Discovery Letters to Goettsche and Weeks, attached hereto as USA Exhibit B.  The Government took steps to place this material onto hard drives in order to provide this material to the Defendants, but—as was explained to defense counsel—members of the U.S. Attorney's Office were directed to leave the Office during this process due to concerns with exposure to the coronavirus.

The Government continues to prepare for discovery materials collected during the covert portion of its investigation; however, both the number of individuals available to conduct this process and the speed by which the Government has been able to conduct this process have been limited by the coronavirus pandemic.  And, as previously represented, it takes approximately 2-4 weeks for the Government to prepare for production items that have been deemed discoverable in the Government's review platform.  For all of these reasons, the demand from defendants Goettsche and Weeks that all covert discovery materials be produced in the next ten days is untenable.  The Government respectfully requests that the Court enter the proposed discovery schedule advanced by the Government and agreed to by defendant Abel.  This proposal provides the Defendants with significant discovery between now and May 11, 2020—both those materials that were collected during the covert portion of the Government's investigation and non-filtered materials collected on December 10, 2019.

*Second*, Defendant Weeks contests the deadline for the Government to produce materials that have been released from the filter team review on a rolling basis starting on July 15, 2020.  The Government needs approximately one month from the June 12, 2020—the date by which the Government's prosecution team will receive from the filter attorney access to materials that have completed the filter review process and over which the Defendants are not asserting privilege.  A month will give the Government's prosecution team sufficient time to:  (1) review previously filtered materials to determine whether they are responsive and discoverable; and (2) prepare and image the materials for production to defense counsel as a part of the Government's Rule 16 discovery materials.  This process—which is in place to protect the Defendants' privileges—takes time and cannot reasonably be completed prior to July 15, 2020.

*Finally*, the Government respectfully requests that the Court enter the attached proposed complex case and continuance order, extending the deadlines associated with the Speedy Trial Act through July 15, 2020.  The

parties (with the exception of Weeks) have agreed to a schedule that contemplates the production and review of potentially privileged materials through July 15, 2020. Under these circumstances, it will not be possible for trial to proceed prior to this date because the parties will still be completing discovery. Accordingly, the Government submits that, given the complexity of the discovery in this case and the procedure by which the parties have agreed to protect the Defendants' attorney-client privilege, a continuance of the Speedy Trial deadlines through July 15, 2020 is necessary and appropriate. Defendants Goettsche and Weeks oppose the requested continuance order.

      Accordingly, the Government respectfully requests that the Court: (1) sign the Government's and Abel's proposed scheduling order; and (2) issue the proposed complex case continuance order continuing the Speedy Trial deadlines in this case through July 15, 2020.

                                              Respectfully submitted,

                                              CRAIG CARPENITO
                                              United States Attorney

                                              By: Jamie L. Hoxie
                                              Assistant U.S. Attorney