UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Claire C. Cecchi |
| v. | |
| MATTHEW BRENT GOETTSCHE [DEFENDANT TWO] JOBADIAH SINCLAIR WEEKS JOSEPH FRANK ABEL SILVIU CATALIN BALACI | Criminal No. 19-877  SCHEDULING ORDER |

This matter having come before the Court for consideration; and the United States being represented by Craig Carpenito, United States Attorney for the District of New Jersey (by Jamie L. Hoxie, David W. Feder, Anthony P. Torntore, Assistant U.S. Attorneys, appearing (the "Government's Attorneys")); and defendant Matthew Brent Goettsche being represented by Rodney Villazor, Esq., Andrew Lourie, Esq., Hartley M.K. West, Esq., and Benjamin J.A. Sauter, Esq.; and defendant Jobadiah Sinclair Weeks being represented by Adam P. Schwartz, Esq., Andrew M. Hinkes, Esq., Michael L. Yaeger, Esq., and Simon A. Gaugush, Esq.; and defendant Joseph Frank Abel being represented by Jason J. LeBoeuf, Esq. (collectively, the "Defendants"); and the parties having met and conferred; and the Government having submitted the proposed scheduling order; and defendant Abel having agreed upon the Government's proposed scheduling order; and the Court having determined that this matter may be treated as a criminal case that requires extensive discovery within the meaning of paragraph 4 of this Court's Standing Order for Criminal Trial Scheduling and

Discovery; and the Court having accepted the proposed schedule of the Government and Abel for the exchange of the discovery, and for good cause shown,

It is on this ___ day of March, 2020, ORDERED that:

1. The Government shall provide any oral, written or recorded statement of the Defendants, pursuant to Rule 16(a)(1)(A) on or before March 31, 2020.

2. The Government shall provide the Defendants with a copy of each of their respective prior criminal records, pursuant to Rule 16(a)(1)(D), on or before March 31, 2020.

3. The Government shall provide exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, on or before March 31, 2020. Exculpatory evidence that becomes known to the Government after that date shall be disclosed reasonably promptly after becoming known to the Government.

4. If the Government intends to introduce into evidence in its case-in-chief a confession made to law enforcement authorities by one defendant that names or makes mention of a co-defendant, a copy of that statement or confession shall be disclosed by the Government on or before March 31, 2020. The Government shall provide a proposed redaction to that statement to conform with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968) and its progeny, on or before April 21, 2020.

5. The Government shall provide discovery required by Federal Rule of Criminal Procedure 16(a)(1) as soon as practicable with discovery produced on a rolling basis. The Government agrees that it will take best efforts to produce and/or make available, prior to May 11, 2020: (1) discoverable records that were collected during the covert phase of the Government's investigation that have not been designated segregated to proceed forward with the filter review process outlined below, including materials contemplated by Rule 16(a)(1)(B); (2) copies of the BitClub Network server; (3) copies of the materials referenced in the operative Indictment and the Government's briefing papers in support of its motions to detain the defendants; and (4) records that were seized on December 10, 2019 that have not been designated segregated to proceed forward with the filter review process outlined below. While beyond the scope of its Rule 16 discovery obligations, the Government agrees further that it will provide to each individual Defendant, when such data is available, bit-for-bit copies of electronic devices belonging to that particular defendant, and will make best efforts to provide this data to each individual Defendant before May 11, 2020.

6. Disclosures set forth in Federal Rule of Criminal Procedure 16(a)(1)(F) (Reports of Examinations and Tests) and 16(a)(1)(G) (Expert Witnesses) will be provided pursuant to a proposed schedule set forth at the First Status Conference (defined below).

7. The parties have agreed to the following schedule for the review and determination of potentially privileged material (the "Filter Schedule"):

a. On or before March 31, 2020, the Government, through the Government's filter attorney (the "Filter Attorney") will provide each Defendant with a list of the search terms that have been used to segregate all potentially privileged and attorney work-product protected materials ("Potentially Privileged Materials") within the Defendants' personal electronic accounts (the "Personal Electronic Data"). If a particular Defendant has additional reasonable search terms to propose with respect to the Personal Electronic Data for that Defendant, those search terms shall be provided to the Filter Attorney on or before April 7, 2020 and applied to that Defendant's Personal Electronic Data. Upon the conclusion of these searches, the Filter Attorney will provide each Defendant with a copy of, or with access to, Potentially Privileged Materials segregated from that Defendant's Personal Electronic Data on or before April 23, 2020.

b. With respect to the paper records and material taken from devices seized on or about December 10, 2019 (the "December 10th Materials"), no later than April 7, 2020, each Defendant will provide the Filter Attorney with reasonable search terms to be applied against the December 10th Materials that are associated with that Defendant, for the purpose of segregating Potentially Privileged Materials from other data. Upon the conclusion of these searches, the Filter Attorney will provide each Defendant with a copy of, or with access to, the Potentially Privileged Materials that are segregated from the December 10th Materials that are associated with that Defendant on or before April 29, 2020.

      c.  No later than May 22, 2020, each Defendant will provide the Filter Attorney with a privilege log identifying those materials, if any, over which the Defendant wishes to assert privilege.

      d.  All Potentially Privileged Material over which a Defendant has not asserted a claim of privilege will be produced by the Filter Attorney to the Government's Attorneys on June 12, 2020.

      e.  Any disputes between a Defendant and the Filter Attorney regarding the privileged nature of an item will be resolved on a schedule determined at the First Status Conference.

      f.  The Government will produce to the Defendants any discoverable materials that were originally deemed Potentially Privileged Materials, but ultimately determined not to be attorney-client privileged and/or work-product protected on a rolling basis after July 15, 2020.

5.    The deadlines for each of the Defendants to provide notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 and discovery required by Federal Rule of Criminal Procedure 16(b)(1) will be set at the First Status Conference.  The parties will make reasonable efforts to submit an agreed-upon proposed schedule for these deadlines prior to the First Status Conference.

6.    A status conference (the "First Status Conference") shall be held on May 11, 2020 at 4:00 p.m., in order to assess the progress of discovery; to determine a schedule for the production of additional discovery if necessary; to consider any discovery disputes if necessary; to set or consider setting a

6

schedule for the next status conference in this matter; and to set or consider setting a schedule for pretrial motions if a date for the completion of discovery can be determined.

 

_____
Honorable Claire C. Cecchi
United States District Judge