# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED ORDER** |
| v. | **19 Cr. 297 (PAE)** |
| JOSE PEREZ, | |
| Defendant. | |

Upon the application of defendant Jose Perez, pursuant to 18 U.S.C. § 3142(i) for temporary release from custody during the current COVID-19 pandemic (Dkt. 58), and the Government's opposition thereto (Dkt. 59), IT IS HEREBY ORDERED:

1. The Court's decision in this case is based on the unique confluence of serious health issues and other risk factors facing this defendant, including but not limited to the defendant's serious progressive lung disease and other significant health issues, which place him at a substantially heightened risk of dangerous complications should be contract COVID-19 as compared to most other individuals. Accordingly, this Order should not be construed as a determination by this Court that pretrial detention is unsafe or otherwise inappropriate as a general matter or in any other specific case.

2. Pursuant to 18 U.S.C. § 3142(i), the Court concludes that compelling reasons exist for temporary release of the defendant from custody during the current public health crisis. Accordingly, the defendant's application is GRANTED pursuant to the following conditions:

3. The Clerk of Court is directed to prepare a new personal recognizance bond with the following conditions of release:

    a. A personal recognizance bond in the amount of $75,000, to be signed by the defendant and co-signed by the defendant's wife and adult son as sureties;

    b. All mandatory conditions of release included in this Court's standard "Order Setting Conditions of Release" form;

    c. Third-party custodianship by the defendant's wife, Ms. Annette Piri-Perez, who shall be responsible to this Court for ensuring the defendant's compliance with these conditions of release;

    d. Home incarceration at the defendant's wife's residence in the Bronx, New York, with monitoring by means chosen at the discretion of Pretrial Services. The defendant shall be on 24-hour lockdown in the residence except for emergency medical visits. Any another leave from the residence must be approved by either the Pretrial Services officer or by the Court on application from defense counsel.

    e. No visitors to the residence except for family members;

    f. Pretrial Services supervision as directed by the Pretrial Services Office;

    g. Surrender all passports and other travel documents and make no applications for new or replacement documents;

    h. Drug testing as directed by the Pretrial Services Office;

    i. The defendant shall not possess a firearm, destructive device, or other weapon;

2

j.  The defendant shall not use or possess any narcotic drug or controlled substance unless prescribed by a licensed medical practitioner;

k.  The defendant shall have no intentional or prolonged contact directly or indirectly with any child under the age of 18 (including, without limitation, his grandchildren) without prior permission of the Pretrial Services Office and then only in the presence of another adult chaperone family member as approved by the Pretrial Services Office;

l.  The defendant shall not view, purchase, or distribute any materials depicting minors in the nude or engaged in sexually explicit conduct or positions;

m.  The defendant shall have no access to the internet or any internet-enabled electronic device. He shall use only a "flip" phone. The Pretrial Services Office shall work with the defendant's wife to password protect all internet-enabled devices in the home, and the defendant's wife shall not provide the password to the defendant.

n.  The defendant shall be released upon the signature of the defendant and the two sureties on the bond, including Ms. Piri-Perez's agreement to act as third-party custodian under the above conditions; and, if Mr. Perez has not yet been released pursuant to the Court's initial order, upon the Pretrial Services Office's installation of the monitoring technology that it selects. The Pretrial Services Office shall conduct a home visit as soon thereafter as is practicable to establish all remaining safeguards, with any remaining conditions to be satisfied within one week of the date of this Order.

4. The Pretrial Services Office is directed to immediately alert the Court, the Government, and defense counsel of any violation of the above conditions, without need for a formal violation petition. The defendant is hereby notified that violation of the conditions of release will likely result in revocation of this temporary release.

5. Defense counsel is directed to submit a status update letter to the Court once a week after consultation with the Government, informing the Court as to the defendant's status, health, and compliance with the conditions of release.

6. This Order is subject to modification or revocation by the Court at any time. The Court intends to terminate the defendant's temporary release and return the defendant to pretrial detention as soon as the Court concludes that the defendant no longer faces the acute health risk posed by the current circumstances.

SO ORDERED.

Dated: New York, New York
March 19, 2020

_Paul A. Engelmayer_
THE HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK