UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : | Crim. No. 19-877 |
| MATTHEW BRENT GOETTSCHE, | : | STIPULATION AND ORDER OF |
| | | INTERLOCUTORY SALE AND |
| Defendant. | : | MODIFICATION OF POST |
| | | INDICTMENT RESTRAINING ORDER |
| | : | |
| | | (218 SW Federal Highway, Stuart, |
| | | Florida) |

WHEREAS, on December 5, 2019, a federal grand jury in the District of
New Jersey returned an Indictment ("Indictment") charging Matthew Brent
Goettsche ("Goettsche") and others with conspiracy to commit wire fraud,
contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One); and
conspiracy to offer and sell unregistered securities, contrary to 15 U.S.C. §§
77e and 77x, in violation of 18 U.S.C. § 371 (Count Two);

WHEREAS, the Indictment contained a forfeiture allegation as to Count
One that gave notice of the United States' intent to forfeit, upon conviction, all
right, title, and interest of Goettsche in all property, real and personal, that
constitutes or is derived from proceeds traceable to the commission of the wire
fraud conspiracy offense, and all property traceable thereto, pursuant to 18
U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 20, 2021, the Court entered a Post-
Indictment Restraining Order ("Restraining Order") restraining Goettsche and
others from transferring or encumbering certain properties, as well as from

1

taking any action that would diminish the value of the property, including the following:

> the real property located at 218 SW Federal Highway, Stuart, Florida, 34994, assessor's parcel number 053841011005000606, which is owned by Reel Men Stuart LLC ("Subject Property");

WHEREAS, on or about July 22, 2021, the United States filed a Third Forfeiture Bill of Particulars alleging that the properties set forth in the Restraining Order, including the Subject Property, are subject to forfeiture in this action pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 22, 2021, the United States served notice upon all person and entities believed to have an interest in the Subject Property;

WHEREAS, on or about July 29, 2021, the United States filed a Notice of Pendency against the Subject Property to preserve its interest therein;

WHEREAS, the value of the Subject Property is subject to dissipation;

WHEREAS, the United States, Goettsche, and Reel Men Stuart LLC ("Reel Men Stuart"), agree that the Subject Property should be sold to preserve its value pending a final adjudication on the merits; and

WHEREAS, the United States, Goettsche, and Reel Men Stuart have agreed that the Subject Property is to be liquidated or sold by Reel Men Stuart before the conclusion of the forfeiture proceedings, with the net proceeds of the sale to be held as substitute res pending further order of this Court;

WHEREAS, the interlocutory sale of depreciable forfeitable property on consent, and with the Court's authorization, is authorized by 21 U.S.C. § 853(e)(1) and Fed. R. Crim. P. 32.2(b)(7) (incorporating the provisions of Rule G(7)(b)(i)-(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions);

WHEREAS, 21 U.S.C. § 853(g) confers broad power upon the Court to take any action necessary to protect the interest of the United States in property named in an order of forfeiture; and

NOW, THEREFORE, it is hereby STIPULATED, ORDERED AND AGREED by and between the United States, by and through its counsel, Rachael A. Honig, United States Attorney for the District of New Jersey, Joseph N. Minish, appearing, Goettsche, Goettsche's counsel, Rodney Villazor, Esq., and Reel Men Stuart, by and through its managing member, Matthew Goettsche (collectively, "Parties"):

1.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(g), the United States, Goettsche, and Reel Men Stuart each agree to the interlocutory sale of the Subject Property.

2.      Reel Men Stuart represents that it has entered into a contract with a prospective non-party buyer who has offered to purchase the Subject Property for $1,075,000.00.

3.      In furtherance of the interlocutory sale, the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

4.  The net proceeds from the sale of the Subject Property will include all monies realized from the sale of the Subject Property, except for the following:

a.  real estate commissions, if any;

b.  any other real estate, property, transfer, association, or other taxes which are due and owing;

c.  insurance costs, if any;

d.  escrow fees;

e.  document recording fees not paid by the buyer;

f.  title fees;

g.  valid prior liens;

h.  county transfer fees;

i.  Reel Men Stuart's reasonable real estate attorney fees, if any, with respect to the sale of the Subject Property;

j.  advances for taxes, homeowners' association dues, and insurance premiums (said amount being approximately $12,143.04 as of November 8, 2021);

k.  property inspections, appraisal fees and other advances (said amount being approximately $0 as of November 8, 2021); and

l.  reasonable attorney's fees and costs (said amount being approximately $1,295).

5.  The net proceeds realized from the sale of the Subject Property, and any and all income or interest accrued thereon, shall be the substitute res for the Subject Property.  The net proceeds shall be transferred to the United States within ten days of the closing in accordance with directions to be provided by the United States Attorney's Office, the Federal Bureau of

4

Investigation, or the United States Marshals Service.  The net proceeds shall be deposited and shall be held by the United States Marshals Service (or its designee) in the Asset Forfeiture Fund pending further order of the Court.  The Restraining Order is hereby deemed amended accordingly.

6.      The substitute res shall be treated as the equivalent of the Subject Property and all claims and defenses applicable to the Subject Property shall apply to the substitute res.  Nothing in this agreement shall be construed to be a waiver of any rights, claims or interests held by Goettsche, or Reel Men Stuart in connection with the Subject Property.

7.      Should Goettsche be convicted of the charges in the Indictment, and should the Court make a finding of a nexus, and upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1).

8.      Each party agrees to bear its costs and attorneys' fees.

9.      Goettsche and Reel Men Stuart are each hereby barred from asserting any claim against the United States, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection with or arising out of, the United States' actions against and relating to the Subject Property.

10.     The United States will provide an original cancellation of the notice of *lis pendens* to the closing attorney or title company that is issuing title insurance policy for the purchaser of the Subject Property to hold in escrow

until the sale closes in conformance with the terms and conditions set forth in this Stipulation and Order.

11.    The undersigned individuals signing this Stipulation and Order on behalf of Goettsche and Reel Men Stuart each represent and warrant that they have full authority to execute this Stipulation and Order.  The United States signatory represents that the undersigned is signing this Stipulation and Order in his/her official capacity and that the undersigned is authorized to execute this Stipulation and Order.  The undersigned individuals further represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done in order to enable it lawfully to enter into this Stipulation.

12.    The United States reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Property.  In either event, the United States shall promptly notify the other Parties of such action.  A discretionary termination of forfeiture shall not be a basis for any award of attorney's fees or costs.

13.    The signature pages of this Stipulation and Order may be executed in one or more counterparts and transmitted by facsimile or electronic means. Counterparts will be deemed an original, and all of them together will constitute the same instrument.

14.    This Stipulation and Order constitutes the complete agreement between the signatories hereto and may not be amended except by written consent thereof.

15.     This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order authorizing the sale of the Subject Property.

**AGREED AND CONSENTED TO BY:**

For the United States:

Rachael A. Honig
Acting United States Attorney


_Joseph N. Minish_

By: Joseph N. Minish                          Dated:   11-8-21
Sarah Devlin
Assistant United States Attorneys


For Matthew Brent Goettsche:


Matthew Brent Goettsche                       Dated:  11/08/2021
Defendant


Rodney Villazor                               Dated:  11/08/2021
Counsel for defendant Matthew Brent
Goettsche

For Reel Men Stuart LLC:


Matthew Goettsche
Managing Member

Dated:   11/08/2018

## **<u>ORDER</u>**

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DEGREED that the Stipulation is

SO ORDERED.

ORDERED this _____ day of _____, 2021.


_____
Hon. Claire C. Cecchi, U.S.D.J.