# STONE MAGNANINI

## COMPLEX LITIGATION

March 20, 2024

**VIA CM/ECF and EMAIL**
Hon. Michael A. Hammer
Martin Luther King Building
  and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    <u>United States v. Jobadiah Weeks</u> (19-cr-877-CCC)

Your Honor:

    As a preliminary matter I want to thank the Court for adjourning this hearing at my request. In the interim, we have had the opportunity to consult with our client and impress upon him the seriousness of the filing that Pretrial Services ("PTS") has made. We have also had discussions with the government and PTS where we explained to them that our client is willing to accept more restrictive conditions than existed at the time of the PTS filing which include additional conditions requested by PTS. As we advised the government and PTS when we spoke with them, our client accepts responsibility for deviating from his conditions of release (which include a complete prohibition of internet or smart phone use) and cites only as extenuating circumstances that these more restrictive conditions, when they were originally agreed to and imposed, were intended to apply for a relatively short period of only a few months. But these conditions have now been in place for more than two and a half years while many of Mr. Weeks' assets have been tied up or in the hands of the Government.

    The other extenuating factor is that Mr. Weeks' wife developed a serious and life threatening disease and was in need of treatment for her cancer. In order to help pay for these unanticipated expenses, and other living expenses given the prolonged period of supervision, Mr. Weeks was required to liquidate assets. Despite these extenuating circumstances, Mr. Weeks acknowledges the seriousness of the alleged violations and has therefore agreed to the proposed restrictions set forth in this letter. We have also impressed upon our client that any deviation from these proposed conditions would almost certainly result in revocation. Our understanding is that PTS does not want to stipulate to these conditions but instead prefers that we submit the matter to the Court's ultimate discretion. Accordingly, we are submitting this proposed order to the Court in the hope that the proposal satisfies the Court that Mr. Weeks realizes the seriousness of this situation and that he has agreed to conditions to prevent any further violations between now and the time of his sentencing.

Case 2:19-cr-00877-CCC   Document 327   Filed 03/20/24   Page 2 of 2 PageID: 4172

**STONE MAGNANINI**
COMPLEX LITIGATION

Hon. Michael A. Hammer
March 19, 2024
Page 2

We would also like to point out the following facts that we believe to be relevant and which support these proposed modifications of Mr. Weeks' release conditions.

1. Since the release conditions were imposed, Mr. Weeks has not had any interactions with the police. Mr. Weeks has not even received a parking ticket.

2. Since the release conditions were imposed, there is no evidence at all that would suggest that Mr. Weeks committed any crime or harmed any person.

3. The PTS filing actually contains video evidence wherein Mr. Weeks specifically and irrefutably affirmed that he has not left the United States, nor ever intends to leave the United States, because he was aware that violating his release conditions would result in serious consequences. These statements were made at a time that Mr. Weeks was unaware that he was being covertly recorded.

While we were in the process of filing this letter we just received a copy of a PTS Release Status Report. In that report, Senior United States PTS Officer David Hernandez stated that since the Court's last modification of Mr. Weeks' release conditions, restricting his travel to the District of Colorado and placement on home confinement, Mr. Weeks has been compliant. Officer Hernandez also stated that home contacts at Mr. Weeks' residence have revealed nothing of concern. With respect to the crucial purposes of bail, in this case, there is simply no evidence at all that Mr. Weeks poses a flight risk or that he poses any potential danger to the public. Mr. Weeks has never failed to appear in court as required and Mr. Weeks has no prior criminal history.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David Stone*
David S. Stone

cc:   AUSA Anthony Torntore *(via CM/ECF and email)*
      David Hernandez *(via email only)*
      Eric Cohen, Esq.
      John Zach, Esq