

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*　　　　　　　　　　　　973-645-2700
*Newark, New Jersey 07102*

February 18, 2025

**Filed Under Seal**

The Honorable Claire C. Cecchi
United States District Court
Martin Luther King Building
and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

　　　Re:　　*United States v. Jobadiah Sinclair Weeks*, Crim. No. 19-cr-877

Dear Judge Cecchi:

　　The Government writes regarding the status of the captioned matter and to request that the Court deny any relief sought by Defendant Jobadiah Sinclair Weeks ("Defendant" or "Weeks") in his February 11, 2025 *pro se* filing (the "Weeks Motion").

**I.　　Procedural History**

　　On December 5, 2019, a federal grand jury returned a two-count Indictment (the "Indictment") charging Weeks and four other defendants with crimes related to the BitClub Network ("BCN")—a bitcoin fraud scheme that Weeks promoted beginning in 2015. Count One charged Weeks and others with a wire fraud conspiracy that took at least approximately $722 million of investor money in bitcoin, in violation of 18 U.S.C. § 1349. Count Two charged Weeks and others with conspiring with others to offer or sell unregistered securities in BCN, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371.

　　On December 10, 2019, Weeks was arrested in Florida and was detained following a bail hearing in the Southern District of Florida on December 17, 2019. Weeks' detention was continued following a lengthy bail hearing before this Court on February 13 and 14, 2020 (Dkt. 45 and 48) and was continued yet again after Weeks moved for release due to COVID-19 (Dkt. 68 and 79).

On November 5, 2020, Weeks entered a guilty plea to (a) Count Two of the Indictment, charging him with conspiring with others to offer or sell unregistered securities, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371; and (b) an Information charging him with one count of tax evasion, in violation of 26 U.S.C. § 7201. Dkt. 149.

On November 6, 2020, Weeks was released on a $2 million bond secured by various property. Dkt. 153. In addition to the secured bond, Weeks was subjected to home incarceration with electronic monitoring, restricted travel, and was directed to provide a full accounting of all financial holdings, including domestic and foreign bank accounts and any and all cryptocurrency holdings. *Id*. During the November 6 hearing, the Government consented to Weeks' release, citing a diminished flight risk resulting from Weeks' guilty plea and the dismissal of Count One of the Indictment.

On March 19, 2021, the conditions of Weeks' release were modified from home incarceration to home detention to allow Weeks to secure employment. Dkt. 189.

On August 6, 2021, the Government moved to revoke Weeks' bail based on Weeks' promotion of certain unregistered securities.

On September 22, 2021, in lieu of revocation proceedings, the parties agreed to modified bail conditions, which included the following restrictions, among others: (1) Weeks shall not possess a smart phone; (2) Weeks shall not use the internet to communicate with others except through certain email addresses approved by Pre-Trial Services; and (3) Weeks shall not directly or indirectly promote or otherwise encourage others to invest in any cryptocurrency or other investment vehicle; (4) Weeks shall not direct any other person to engage in any restricted activity.

On February 22, 2024, Pre-Trail Services ("PTS") petitioned for a violation of Weeks' supervised release based on the following: (1) Weeks' attendance, without the knowledge of PTS, at an event in Florida titled '*The Past, Present, and Future of Cryptocurrency*'; (2) Weeks' use of electronic devices, including his use of the encrypted messaging application Signal; and (3) Weeks engaging in certain financial transactions, including cryptocurrency liquidation, without PTS' knowledge or consent. Dkt. 320. The Government joined in PTS' application.

On March 21, 2024, Judge Hammer held a bail revocation hearing and, following argument, denied PTS' and the Government's request for revocation. Dkt. 329. In denying the application, the Court ordered that the following conditions, among others, be continued or added to the existing conditions of Weeks' release:

> (10) The defendant may possess a phone that has call and text capabilities, but no access to or capability to access the internet (i.e., the defendant shall not possess a "smart" phone).

    (14)    The defendant shall continue to not directly or indirectly promote or otherwise encourage others to invest in any cryptocurrency or other investment vehicle, including those that employ a multi-level marketing strategy.  For purposes of this condition, the defendant shall be deemed to be promoting or otherwise encouraging investment if, among other things, he stands to benefit financially from the investment of a third party, such as through a referral fee.

    (15)    The defendant shall not direct any other person to engage in any restricted activity on his behalf.

Dkt. 331.

On November 14, 2024, the Government again moved to revoke Weeks' bail based on Weeks' continued and surreptitious use of electronic devices, including encrypted chat applications, in defiance of Judge Hammer's previous Orders.

On February 5, 2025, Judge Hammer held a hearing at which counsel for Weeks made an oral motion to withdraw as counsel. Dkt. 393. Following an *in camera* hearing, the Court granted counsel's motion and conducted a *Faretta* colloquy after Weeks requested to proceed *pro se*. Following the *Faretta* colloquy, Judge Hammer granted Weeks' request to proceed *pro se* and subsequently appointed Ernesto Cerimele, Esq. as standby counsel. Dkt. 394 and 395. The Government's November 14, 2024 motion to revoke Weeks' bail remains pending.

On February 11, 2025, Weeks, through standby counsel, filed a *pro se* motion (the "Weeks Motion") for various relief stylized as a "motion to dismiss and other relief."

## II.    Government's Requests

***First***, the Government requests that this Court review the report and recommendation from Judge Hammer and determine whether Weeks can continue *pro se* in this matter.

***Second***, the Government requests that the Court deny any relief sought by the Weeks Motion. Weeks' filing clearly fails to provide any basis for this Court to either (1) allow Weeks to withdraw his knowing and voluntary guilty plea; or (2) dismiss any charges against Weeks.

***Third***, the Government requests that the Court proceed with sentencing in this matter as currently scheduled for March 12, 2025.

                    Respectfully Submitted,

                    VIKAS KHANNA
                    United States Attorney

                    <u>/s/ *Anthony P. Torntore*</u>

                    By:   ANTHONY P. TORNTORE
                            Assistant U.S. Attorney