UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**United States of America,**
v.
**Jobadiah Weeks, Defendant.**

Case No. 19-cr-877-CCC
Hon. Claire C. Cecchi

## DEFENDANT'S REQUEST FOR EXPEDITED RULING ON SELECTIVE PROSECUTION

NOW COMES Defendant, **Jobadiah Weeks**, pro se, and respectfully moves this Honorable Court for an **expedited ruling** on Defendant's **Motion on Selective Prosecution**, filed on **March 4, 2025**. Given the **Government's failure to comply with discovery obligations** and the **imminent risk of undue delay**, Defendant requests that the Court **rule on the Selective Prosecution Motion before considering any other pending motions, including any potential Motion to Dismiss Without Prejudice by the prosecution.**

# I. URGENT NEED FOR EXPEDITED RULING

**Key evidence remains undisclosed**, including but not limited to:

- **DOJ, IRS, SEC, and FBI records** concerning prosecutorial charging decisions.
- **Grand jury transcripts and prosecution memoranda** related to differential treatment of similarly situated individuals (Medlin, Hidalgo, Fairclough), which have been requested multiple times without response from the prosecution.
- **Communications with prior defense counsel** regarding plea deals and coercive tactics.
- **Internal prosecution correspondence regarding strategies to selectively charge Weeks but not others,** which, if available, would demonstrate disparate treatment in charging decisions.
- **Letters sent by the Defendant** seeking clarification on discovery requests **that remain unanswered, despite deadlines for compliance, including:**
    - Letter for **Clarification** regarding **missing evidence**, **(February 13, 2025).**
    - Letter on **Selective Prosecution,** detailing **disparities in charging decisions, (February 21, 2025).**
    - Letter of on **Seized Assets,** which were never returned or accounted for **(February 26, 2025).**



1

- The letter sent by Defendant's legal counsel **on,** received only a partial response **three months later and only 3 out of 23 questions were answered,** leaving critical requests unanswered (**September 5, 2024**).

1. **The Court Should Not Delay a Ruling Due to the Government's Misconduct**
   - The **Government should not be permitted to benefit from its own failure to comply with discovery** by delaying a ruling on Selective Prosecution.
   - Under **United States v. Chapman, 524 F.3d 1073 (9th Cir. 2008)**, failure to comply with discovery obligations **justifies adverse inferences, evidentiary sanctions, or dismissal.**
2. **The Risk of a Motion to Dismiss Without Prejudice**
   - The Government may attempt to **file a Motion to Dismiss Without Prejudice** to avoid accountability for selective prosecution.
   - If the Court **rules on dismissal first, it may never rule on the Selective Prosecution Motion**, allowing the Government to escape judicial review.
   - **The Court should resolve the Selective Prosecution claim before considering any dismissal motions.**

## II. RELIEF REQUESTED

Accordingly, Defendant respectfully requests that the Court:

1. **Issue an expedited ruling on the Motion on Selective Prosecution** before addressing any other pending motions.
2. **Alternatively, schedule an immediate hearing** on Selective Prosecution to ensure that this issue is resolved before dismissal is considered.
3. **Enter an adverse inference against the Government** under *United States v. Chapman* for failing to comply with discovery obligations.
4. **Impose sanctions for non-compliance**, including exclusion of any evidence that the Government has failed to produce.

WHEREFORE, Defendant **respectfully moves for expedited relief** in the interests of due process and fundamental fairness.

**DATED:** March 4, 2025

Respectfully submitted,

**Jobadiah Weeks, Pro Se**
 **Electronically Signed via DocuSign**

Signed by:
Joby Weeks
87866A420DB4490...

**Address:**
 11627 West 74th Way
 Arcada, Colorado 80005

2

Docusign Envelope ID: E8F032C5-E19B-4F43-A518-C27857310C16

**E-mail:** silenceweeks1@gmail.com