UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States of America,
 Plaintiff,

v.

Jobadiah Weeks,
 Defendant.

**Case No. 19-cr-877-CCC**
 **Hon. Claire C. Cecchi**

## DEFENDANT'S SUPPLEMENTAL MOTION TO COMPEL DISCOVERY

NOW COMES Defendant, Jobadiah Weeks, pro se, and respectfully moves this Court for an order compelling the United States Attorney's Office for the District of New Jersey to provide specific discovery materials previously requested but not yet produced. In support of this motion, Defendant states as follows:

# I. INTRODUCTION

Defendant has previously filed motions to compel discovery (Dkt Entry 402 and Dkt Entry 403), yet critical materials remain outstanding. Specifically, Defendant has never received **any of the discovery that was provided to his prior defense attorneys and also requested from Stone Magnanini**. Since Defendant is now proceeding **pro se as of February 5, 2024**, he is entitled to receive these materials to prepare his defense effectively. Additionally, Defendant requests that discovery be provided in an **organized and structured manner via a secure digital repository** to ensure efficient access and review.

The Government's failure to provide these materials in a timely and complete manner violates **Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure**, **Brady v. Maryland, 373 U.S. 83 (1963)**, and Defendant's constitutional due process rights. Courts have repeatedly held that delayed or incomplete discovery production can justify court intervention, sanctions, or adverse inferences against the Government. See **United States v. Roviaro, 353 U.S. 53 (1957)** (holding that the Government must disclose evidence affecting a fair trial) and **United States v. Chapman, 524 F.3d 1073 (9th Cir. 2008)** (where the indictment was dismissed due to Government discovery violations).

## II. REQUESTED DISCOVERY MATERIALS

Defendant requests that the Court compel the Government to immediately produce the following:

### 1. All Discovery Previously Provided to Prior Defense Counsel (February 26, 2025 Dkt Entry 402 and Dkt Entry 403 March 3)

The Government previously provided discovery materials to Defendant's former attorneys, but **Defendant has received none of these materials**. The Court should order the Government to provide Defendant with **all discovery materials previously disclosed to:**

- **Michael Yaeger and Simon Gaugush** (Carlton Fields)
- **David Stone and Robert Magnanini** (Stone Magnanini)
- **David Boies and Alexander Boies** (Boies Schiller Flexner LLP)

Defendant has the same right to access these materials as his prior attorneys. Failure to provide them obstructs Defendant's ability to prepare his defense and violates due process.

### 2. Specific Communications Between the Government and Prior Defense Counsel and Additional Requested Documents

Defendant requests an order compelling the production of:

- **Confirmation of whether the Streamlined SAR, the full Grand Jury Expansion Request Letter submitted by the U.S. Attorney's Office on July 23, 2020, and all interviews conducted with Joby Weeks were ever requested by former legal counsel. If so, by whom and when, and any Government responses provided.**
- **The exact email in which the Government provided only 3 out of the 23 requested documents, including the Streamlined SAR, as requested in the letter of September 5, 2024, to David Stone. This email was sent by the Government on or around December 6, 2024.**
- **All notes, memos, or summaries of phone calls between the prosecution and former lawyers of Stone Magnanini regarding the questions in the letter of September 5, 2024, from the period July 2024 to the end of January 2025.**

These documents are crucial for evaluating the integrity of discovery disclosures and whether exculpatory materials were improperly withheld. In **United States v. Sterling, 724 F.3d 482 (4th Cir. 2013)**, the court reaffirmed that the Government's obligation to disclose materials is essential to due process and trial fairness.

Additionally, Defendant requests:

- **The full Grand Jury Expansion Request Letter submitted by the U.S. Attorney's Office on July 23, 2020.**
- **All interviews conducted with Joby Weeks as referenced in the Government's statements that these interviews were obtained from the Special Agent and**



2

were advised to be included with the plea recommendation sent to the Tax Division.

### 3. Discovery to be Provided in a Secure Digital Format

To ensure **efficient and organized access** to the materials, Defendant requests that all discovery be uploaded to a **secure online repository** that allows structured access and indexing. Specifically, Defendant requests that:

- The Government upload all prior discovery to a **secured, court-approved digital platform** (such as USAfx, Relativity, or a similar system).
- All files be **clearly labeled and categorized** for ease of review (e.g., "SAR Correspondence - Prosecution to Defense - Date").
- If a server is not feasible, the Government must provide the materials on an **indexed external hard drive** with clearly labeled folders.

Providing discovery in an organized manner is necessary to **avoid unnecessary delays and ensure fairness** in the case. Courts have recognized the importance of digitally accessible discovery in complex cases to prevent piecemeal or disorganized disclosures, which could unfairly disadvantage the defense. See **United States v. W.R. Grace, 526 F.3d 499 (9th Cir. 2008).** Given the volume of requested materials and the technical nature of the evidence, failure to provide organized, indexed discovery digitally would impair Defendant's ability to review and analyze the materials in a timely manner.

To date, the Government has not fully complied with prior discovery requests. Despite multiple requests from defense counsel and formal motions, key materials remain outstanding.

## III. RELIEF REQUESTED

Defendant respectfully requests that this Court issue an order compelling the Government to:

1. **Provide the exact email in which the Government provided only 3 out of the 23 requested documents, including the Streamlined SAR, as requested in the letter of September 5, 2024, to David Stone. This email was sent by the Government on or around December 6, 2024.**
2. **Provide all notes, memos, or summaries of phone calls between the prosecution and former lawyers of Stone Magnanini related to the questions in the letter of September 5, 2024, from the period July 2024 to the end of January 2025.**
3. **Provide the full Grand Jury Expansion Request Letter submitted by the U.S. Attorney's Office on July 23, 2020.**
4. **Provide all interviews conducted with Joby Weeks as referenced in the Government's statements that these interviews were obtained from the Special Agent and were advised to be included with the plea recommendation sent to the Tax Division.**



3

5. **Provide confirmation of whether the Streamlined SAR, the full Grand Jury Expansion Request Letter submitted by the U.S. Attorney's Office on July 23, 2020, and all interviews conducted with Joby Weeks were ever requested by former legal counsel. If so, by whom and when, and any Government responses provided.**
6. **Upload all discovery materials to a secure digital repository with proper indexing and labeling.**
7. **If a server is unavailable, provide an indexed external hard drive containing all discovery.**
8. **Comply with this order within seven (7) days of issuance. If the Government fails to comply, Defendant requests that the Court impose sanctions, including exclusion of undisclosed evidence, monetary sanctions, and an adverse inference that the withheld evidence is favorable to the defense.**

**Respectfully submitted,**

**Jobadiah Weeks,**

Pro Se Electronically Signed via DocuSign

Signed by:
*Joby Weeks*
87866A420DB4490...

**Address:**
11627 West 74th Way
Arcada, Colorado 80005
E-mail: silenceweeks1@gmail.com

**Dated:** March 5, 2025

4