UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


UNITED STATES OF AMERICA
v.
**JOBADIAH SINCLAIR WEEKS**
Criminal No. 19-cr-877 (CCC)


## SUPPLEMENTAL RESPONSE TO GOVERNMENT'S MOTION TO REVOKE BAIL

Defendant **Jobadiah Sinclair Weeks**, proceeding pro se, respectfully submits this supplemental response in opposition to the Government's motion to revoke bail and in support of his concurrently pending motion to modify pretrial conditions (Dkt. 411). This filing is submitted in anticipation of the consolidated hearing scheduled for **May 20, 2025**. The Court has scheduled both motions for hearing on May 20, 2025[1].

**The Government seeks to revoke bail under circumstances where similarly situated defendants — including one whose case was recently dismissed by this Court — were afforded broad relief. This motion addresses that inequity, Defendant's ongoing compliance, and the Government's procedural silence in response to reasonable efforts at resolution.**

This submission proceeds in seven parts: procedural background; comparative treatment; legal standard; rebuttal of factual allegations; procedural posture; Defendant's current compliance; and conclusion.


### I. Procedural Background

On **November 14, 2024**, the Government filed a sealed motion to revoke bail, alleging violations of Defendant's conditions of release (see **Exhibit A**). **The hearing on that motion has been postponed five times without resolution.**

During that same period, Defendant has filed structured and respectful motions seeking limited relief and has demonstrated **compliance and cooperation** with existing conditions. The Court has now set both motions — to revoke and to modify — for hearing on **May 20, 2025**.

---

[1] See email from J. Baker to AUSA Trombly and Defendant (May 15, 2025), confirming that the Court will rule on both the Government's motion to revoke bail and Defendant's motion to modify conditions.

1

On **May 15, 2025**, the Court confirmed via its deputy that it would rule on both motions at that hearing. That same day, Defendant also sent a written request to AUSA Trombly proposing limited, family-based relief in advance of the hearing and offering to resolve the matter jointly (see **Exhibit G**). The Government did not respond.

As of **May 16, 2025**, AUSA Andrew Trombly was officially terminated from this case and replaced by AUSA Vinay S. Limbachia (see **Exhibit I**). Given this substitution only days before the scheduled hearing, it is unclear whether new counsel has had time to review Defendant's filings or respond to recent correspondence. This further supports resolving the pending motions based on the existing record.

In light of the prosecutor's recent reassignment and the fully briefed status of the motions, Defendant respectfully submits that a ruling on the papers is appropriate and would serve judicial efficiency.

## II. Comparison with Similarly Situated Defendants

In *United States v. Scanlon*, No. 2:24-cr-00682 (D.N.J.), also prosecuted by the same U.S. Attorney's Office and involving financial offenses, the defendant:

- Was released on bond with fewer restrictions,
- Obtained multiple modifications to conditions within months,
- Was never detained pretrial, and
- Had his case dismissed under Rule 48(a) in April 2025 (see **Exhibit F**).

There is **no basis** for Mr. Weeks to be held to stricter standards or subjected to greater sanctions for past conduct that is now controlled and monitored.
See *United States v. Leathers*, 412 F.2d 169, 171 (D.C. Cir. 1969) ("Justice requires that similar cases be treated alike unless a reasonable basis for differentiation appears."). The Government has offered no such basis for why Mr. Weeks is subject to harsher restrictions than similarly situated financial defendants, including Mr. Scanlon.

## III. Legal Standard Under 18 U.S.C. § 3148(b)

A court may revoke pretrial release and detain a defendant only if:

1. There is **probable cause to believe a new offense** was committed while on release, or
2. There is **clear and convincing evidence** that the defendant **violated a release condition**, and

3. **No condition or combination of conditions** will assure appearance or protect the community.

Revocation is reserved for cases involving ongoing risk, obstruction, violence, or flight — not technical or past violations that have since been corrected or controlled.
See *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986) ("[T]he legislative history indicates that bail revocation under § 3148(b) was intended to apply to serious violations involving harm or danger to the community, not merely technical conditions or financial missteps.").

## IV. Rebuttal to Government's Allegations

The Government's renewed reliance on its sealed November 2024 motion — now submitted for judicial ruling in conjunction with the May 20 hearing — reintroduces several allegations that were already raised, challenged, and expressly identified by Defendant as **fraud on the Court** in his April 25, 2025 submission (see **Exhibit E**, Section IX). Despite having provided **no supporting documentation** for its claims that Defendant attended an unauthorized event in Florida or engaged in unreported cryptocurrency transactions, the Government repeats these allegations verbatim, without correction or corroboration. That approach invites the Court to act on a record that remains tainted by **unverified, misleading, or demonstrably false assertions**.

The Government's November 2024 motion references three specific allegations: (1) that Defendant attended a cryptocurrency-related event in Florida without Pretrial Services' knowledge, (2) that Defendant used encrypted messaging applications, and (3) that he engaged in undisclosed financial transactions involving cryptocurrency (Dkt. 320). Allegations (1) and (3) are wholly unsubstantiated and, in fact, demonstrably false. GPS monitoring data maintained by Pretrial Services would conclusively show that Defendant did **not** travel to any such event in Florida without authorization, and no evidence of such attendance has been offered. Likewise, the Government presents **no documentation or transaction record** to support its claim of unapproved financial activity. These unsupported accusations — stated without citation or verification — undermine the credibility of the Government's motion and fail to meet the clear and convincing standard required under 18 U.S.C. § 3148(b).

The Government's claim that Defendant traveled to a cryptocurrency-related event also appears to rely on unverified witness speculation. In a **Memorandum of Activity dated October 16, 2024**, IRS-CI Agent Leo Rovensky documented that a source "believes" Defendant attended an event in the Hamptons with associates (see **Exhibit H**, Point 6). No supporting evidence — such as GPS logs, flight records, or surveillance — has been presented to confirm that Defendant was ever present. This hearsay-based assertion does not satisfy the burden of proof under 18 U.S.C. § 3148(b) and further illustrates the lack of reliable factual foundation for the Government's motion.

## V. Procedural and Posture Context

The Government's motion focuses on events that occurred in 2023 and 2024, including use of encrypted communication apps and alleged involvement in an investment project.

Defendant acknowledges that **issues were raised regarding those activities**, and that they formed the basis for increased supervision at the time. However:

- **No new offense has been charged**,
- **No new violations have been alleged since that time**,
- **Defendant has remained in full compliance** with current restrictions for **well over a year**,
- And Defendant has **engaged with the Court, AUSA Trombly, and former lead AUSA Torntore solely through formal, respectful channels** since early 2024.

The conduct cited in the Government's November 2024 motion to revoke bail — including encrypted communications and investment-related activity — allegedly occurred between August and October 2024, **after** Judge Hammer's ruling in March 2024. However, the Government has provided no evidence that any of this conduct involved travel, danger, obstruction, or new criminal activity, nor has it explained why such activity warrants revocation under the standards set forth in 18 U.S.C. § 3148(b).

The Government has **not alleged any new violations since that ruling**. Rather than seeking timely review or modification at that stage, it has waited nearly a year to **revive the same allegations without new facts**, now in the context of a hearing initiated by Defendant's request for limited relief. This approach further underscores the procedural imbalance and absence of a genuine need for detention.

In its April 22, 2025 letter (Dkt. 417 at 13) (see **Exhibit D**), the Government summarily urged the Court to deny Defendant's motion to eliminate pretrial conditions, without addressing the extensive constitutional and factual arguments raised. This conclusory position fails to engage with the substantial showing made in Defendant's prior filings — including the February 27 and March 27 letters and Dkt. 411 — which identified disproportionate restrictions, lack of individualized risk assessment, and ongoing hardship. Rather than rebut these facts, the Government repeated generalized claims of past noncompliance, relied on outdated orders, and ignored both the intervening record of compliance and the shift in DOJ enforcement policy on digital assets. The Government's continued reliance on prior rulings,

while failing to address any post-2024 changes in posture, renders its opposition constitutionally inadequate. See *Weeks Reply, Apr. 25, 2025, at Section IX* (**Exhibit E**).

This continued reliance on past conduct and refusal to engage with individualized facts raises **constitutional concerns under the Due Process Clause**, which requires that pretrial detention decisions reflect **individualized assessment**, **proportionality**, and **fair engagement** with the defendant's circumstances.

## VI. Ongoing Compliance and Changed Circumstances

Since the Government's motion was filed:

- Defendant has filed structured motions, complied with all restrictions, and made **good-faith efforts to engage respectfully with the Court, AUSA Trombly, and former lead AUSA Torntore**.
- Defendant has **a pregnant wife in Florida** and seeks to reside with her during childbirth and early caregiving.
- There are **no named victims**, no restitution claims, and no evidence of financial harm tied to the bail conditions.
- **There is also no allegation that Defendant poses a danger to the community or a risk of flight.**

Defendant does not deny that violations occurred in **2023 and early 2024**, but emphasizes that these incidents were not driven by defiance, danger, or flight risk. They took place in the context of extreme financial hardship, after the Government had seized all liquid assets, and during a period when Pretrial Services enforced conditions so rigidly that day-to-day compliance became practically unmanageable. At that time, Defendant lacked meaningful access to income, legal support, or reliable means of reviewing discovery or communicating with counsel. The restrictions in place — particularly the total ban on smartphones and internet-based communication — effectively operated as de facto confinement. These conditions, no longer tied to any individualized public safety concern, have ceased to reflect the least restrictive means required under the Bail Reform Act.
 See 18 U.S.C. § 3142(c)(1)(B) (requiring the Court to impose "the least restrictive further condition or combination of conditions" that will reasonably assure appearance and the safety of the community).

On **February 27, 2025**, Defendant submitted a detailed letter to AUSA Torntore requesting clarification and justification of the Government's continued opposition to modifying bail conditions (see **Exhibit C**). The letter raised specific concerns about selective enforcement, disproportionate restrictions compared to similarly situated co-defendants, and requested documentation or explanation. **No response was ever received.**

In addition, on **April 25, 2025**, Defendant filed a written reply in response to the Government's April 22 letter, again reiterating the lack of any victim, financial harm, or

5

individualized risk that would justify continued restrictive release terms (see **Exhibit G**). The Government did not address these arguments.

This continued silence — despite a specific, family-based offer for partial resolution — highlights the procedural imbalance and raises constitutional concerns under the Due Process Clause, which requires that pretrial detention decisions reflect individualized assessment, proportionality, and fair engagement with the defendant's position.

## VII. Conclusion

The Government's motion to revoke bail, first filed nearly six months ago, relies on past allegations that have been addressed through increased supervision. No new violations have occurred since, and Defendant has demonstrated compliance, respect for the process, and a legitimate, family-centered reason for seeking modification.

As of **May 16, 2025**, AUSA Andrew Trombly was officially terminated from this case and replaced by AUSA Vinay S. Limbachia (see **Exhibit I**). Given this substitution just days before the scheduled hearing, and the fact that all briefing is now complete, Defendant respectfully submits that **a ruling on the papers** is appropriate and would serve judicial efficiency and fairness.

Defendant respectfully asks the Court to:

> **(1)** **Deny the Government's motion to revoke bail**, and
>
> **(2)** **Grant the relief requested in Dkt. 411**, as further supported in Defendant's supplement filed on **May 14, 2025** (Dkt. 433).

Respectfully submitted,
/s/ Jobadiah Sinclair Weeks
**Jobadiah Sinclair Weeks**
Pro Se Defendant
11627 West 74th Way
Arvada, Colorado 80005
silenceweeks1@gmail.com


Signed by:
Joby Weeks
87866A420DB4490...

**Dated:** May 16, 2025