UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**UNITED STATES OF AMERICA**,
v.
**JOBADIAH SINCLAIR WEEKS**,
Defendant.

**Crim. No. 19-910 (SDW)**

**POST-HEARING STATEMENT OF POSITION FOLLOWING MAY 20, 2025 BAIL DECISION**

## I. INTRODUCTION

Defendant Jobadiah Sinclair Weeks, proceeding pro se, respectfully **submits this Post-Hearing Statement of Position** following the Court's May 20, 2025 ruling on bail. This Statement is submitted in good faith to **acknowledge the Court's order**, **preserve objections**, **document the Government's non-responsiveness to critical motions**, and reaffirm the defense's **intent to engage in settlement discussions** during the two-week window proposed at the hearing, which the Court did not expressly confirm or reject.

This is **not a motion for reconsideration**, but a **necessary clarification to ensure that the procedural and factual record remains accurate, complete, and properly preserved**.

## II. ACKNOWLEDGMENT OF THE COURT'S RULING

Defendant acknowledges and respects the Court's May 20, 2025 decision permitting travel to Florida while maintaining location monitoring through the ankle bracelet. The Court's reasoned judgment, balancing the record with pretrial security conditions, is understood and appreciated.

## III. PRESERVATION OF OBJECTIONS TO INACCURATE GOVERNMENT REPRESENTATIONS

While Defendant does not challenge the Court's decision, it is necessary to preserve objections to material inaccuracies presented by the Government during the May 20, 2025 hearing. Specifically:

1

- The Government **incorrectly stated that Defendant attended a Florida conference**, which the Defendant contests as **factually untrue**. This claim was **not supported by admissible evidence** and improperly influenced the Government's argument for stricter bail conditions.

- The Government further relied on **hearsay and speculative assertions** regarding alleged violations, without producing underlying materials or affording the Defendant the opportunity to rebut with discovery that remains outstanding.

These misstatements were contested by the defense and, although the Court stated it would not rely on them in reaching its decision, they must be preserved for the record given their continued repetition by the Government.

## IV. VIOLATION OF DOJ MANUAL AND DUTY OF CANDOR

The Government's conduct at the May 20, 2025 bail hearing violated core provisions of the U.S. Department of Justice's Justice Manual. **These rules are not aspirational; they are binding standards designed to preserve fairness, accuracy, and integrity in federal prosecutions.** The following four violations reflect how those standards were breached during the hearing:

**1. Brady and Giglio Violations — Failure to Disclose Contextual and Exculpatory Evidence**
**Citation:** *JM § 9-5.001*
Under *Brady* and *Giglio*, the Government is obligated to disclose evidence favorable to the accused, including information relevant to credibility and punishment. At the hearing, the Government cited Signal messages allegedly related to the "Liberty Fund" as evidence of misconduct, but failed to disclose:

- Any GPS data to confirm or refute the Dunhill Ventures event in the Hamptons NY (false) allegation end of August 2024 and that Defendant attended a cryptocurrency conference in Florida;
- Evidence that any financial harm occurred in connection with Liberty Fund activities;
- Context showing that the use of Signal was initially prompted by legal counsel and occurred while Defendant faced frozen assets and severe bail restrictions that limited his ability to earn income or communicate through conventional means.

This **selective and incomplete disclosure created a skewed and prejudicial record in violation of disclosure obligations** — especially given that no investor identities, fundraising transactions, or losses were established. Additionally, the Government represented as fact that Defendant attended a cryptocurrency conference in Florida — an allegation previously disputed in the April 25, 2025 letter and unsupported by any admissible evidence. No GPS records, photos, or witness affidavits were produced. Although the Court

2

stated it would not rely on this claim in ruling, the Government has neither retracted nor corrected the record.

### 2. Mischaracterization of Defendant's Legal Status
**Citation:** *JM § 1-1.100* and Fed. R. Crim. P. 11(d)(2)(B)
Despite a **pending motion to withdraw the guilty plea**, the Government repeatedly stated that Defendant **"already stands convicted"** and **"no longer enjoys the presumption of innocence."** These statements **mischaracterize his status** and **contradict both DOJ policy and Rule 11 jurisprudence.** No evidence was introduced at the hearing to show that the plea was final or unassailable.

This mischaracterization is especially troubling given that **Defendant's Motion to Withdraw the Plea (Dkt. 401)** was filed on **February 20, 2025**, and followed by multiple letters requesting clarification, including the **April 25, 2025 submission** explicitly stating that the plea was **void ab initio due to constitutional violations.** To date, the Government has filed **no formal opposition to Dkt. 401** or any of the related correspondence. The continued assertion at the May 20 hearing that Defendant "already stands convicted" **disregards this pending litigation** and **misrepresents the procedural posture of the case.** The Government's silence on these filings — despite its active reliance on the plea status — may be treated as **waiver or concession of opposition.**

The Government presented no evidence at the May 20 hearing of **investor loss, victim complaints, or completed securities transactions** to support its repeated assertion that Defendant "already stands convicted." **As further illustrated in Section V, no verifiable evidence was introduced to meet the threshold of probable cause** under applicable standards.

### 3. Absence of Probable Cause for Pretrial Sanctions
**Citation:** *JM § 9-27.730*
The Justice Manual prohibits adverse actions — including detention or severe bail conditions — without meeting the threshold of probable cause. At the May 20 hearing, the Government invoked Defendant's alleged involvement in the "Liberty Fund" to justify continued restrictions. Yet the Government presented:

- **No evidence of financial harm;**
- **No victim statements;**
- **No completed securities sales; and**
- **No new criminal charges.**

In respect of the Liberty Fund, no evidence was introduced to show that money was raised, losses incurred, or that any investor even existed. Instead, the Government relied on speculative interpretations of encrypted messages and failed to show that any actual harm occurred. The requested restrictions thus lacked the factual foundation required under DOJ and constitutional standards.

3

**4. Failure to Correct or Clarify the Record**
**Citation:** *Napue v. Illinois*, 360 U.S. 264 (1959)
Prosecutors have an affirmative duty to correct prior misstatements or misleading representations. In addition, the Government has not withdrawn or corrected assertions drawn from the unsworn and hearsay-laden memorandum authored by a federal agent and attached to the sealed Motion to Revoke Bail. Despite the defense's rebuttals in Dkt. 435 and the April 25 letter, these contested assertions were reiterated at the hearing without evidentiary support or clarification. The Government's reliance on this sealed hearsay submission, without affording Defendant the opportunity to cross-examine or challenge the agent's claims, further exacerbates the due process concerns and underscores its failure to correct the record in a constitutionally meaningful manner.

These violations at the May 20, 2025 hearing do not stand alone. **They are part of a broader pattern of prosecutorial conduct that has marked this case from its early stages — a pattern of non-disclosure, misrepresentation, and procedural imbalance that has repeatedly placed the Defendant at a disadvantage**.

**Exhibit A**, attached hereto, outlines the full scope of this pattern. It includes each of **the eight relevant DOJ standards — as well as a ninth principle of fundamental fairness — and documents how those standards have been repeatedly breached throughout this prosecution.**

The ninth principle refers to conduct so far outside professional norms that it defies classification under any formal DOJ policy — including the continued pursuit of incarceration based on disputed hearsay, uncharged conduct, and strategic silence in the face of dispositive motions. Defendant submits that this conduct is not just irregular but categorically **unethical, unlawful, and institutionally corrosive**. The May 20 hearing was not an isolated misstep, but a continuation of systemic violations that warrant judicial attention and corrective relief.

## V. GOVERNMENT'S FAILURE TO RESPOND TO PENDING MOTIONS, MISSTATEMENTS, AND CONSTITUTIONAL ISSUES

As previously outlined in the April 25, 2025 letter — and as remains true as of this filing — the Government has not responded to multiple critical submissions that bear directly on both the legality of the pretrial conditions and the integrity of the prosecution. These include:

**Discovery-Related Motions:**

- Brady and Rule 16 violations outlined in filings on February 13, 21, 26, and March 9 and 12, 2025.
- Supplemental requests for exculpatory evidence and sealed exhibits never produced or explained.

**Selective Prosecution Filing:**

- Filed February 21, 2025, identifying similarly situated individuals not prosecuted or granted more favorable treatment, including Russ Medlin, Matthew Goettsche, and others.

**Two Bail-Related Motions (Early May 2025):**

- Renewed applications addressing selective restriction and conditions imposed on Defendant compared to other defendants.
- Requests for Rule 41(g) hearings regarding asset seizure without probable cause or access to evidence.

**Additionally, the Government has failed to respond to the April 25, 2025 letter**, which detailed **due process violations**, **Brady concerns**, **selective bail enforcement**, and **misrepresentations of alleged violations**, while also outlining **proposed paths for resolution**. Notably, the April 25 letter contested the Government's claim that Defendant attended a cryptocurrency event in Florida while on release — an allegation that remains **unsupported by admissible evidence**. As addressed in **Section IV**, the Court acknowledged this dispute on the record and explicitly stated that it would **not rely on the allegation** in deciding the bail matter.

**Government Failure to Respond to Dispositive Motion**

As noted during the May 20, 2025 hearing, the Government acknowledged that it had not reviewed or responded to Defendant's Supplemental Response (Dkt. 435), which was filed four days earlier and directly rebutted the Government's factual claims. **As of the date of this filing, the Government has submitted no written opposition to either Dkt. 435 or to Defendant's Motion to Withdraw Plea under Rule 11(d)(2)(B).**

The Court later remarked that the Government had "opposed" the motion to withdraw the plea; however, **no formal opposition is present on the docket.** The only communication arguably constituting an opposition is the **April 22, 2025 letter**, which—**as the sole docket entry referencing the plea withdrawal**—**fails to substantively address** the legal and factual grounds asserted in Dkt. 401. It appears the Court's reference to an "opposition" was based solely on this letter, rather than any formal motion filing.

As further detailed in **Section IV**, the Government's repeated assertion that Defendant "stands convicted" **misrepresents the procedural status** of the case given the pending Rule 11(d)(2)(B) motion. The Government's conclusory oral claim that the motion is "meritless" **does not satisfy Federal Rule of Criminal Procedure 47**, which requires that an opposing party file a written response to any motion unless otherwise directed by the Court. **A litigant's position may not be inferred or supplied by the Court sua sponte.**

**Given the Government's continued failure to engage with the legal and factual arguments presented in Dkt. 435**, Defendant respectfully submits that the motion may now be deemed **unopposed**, or that the Government's objections have been **waived or forfeited** due to inaction. **To the extent the Government later seeks leave to file a response out of time, Defendant objects.** However, should the Court permit any such filing, **Defendant reserves the right to submit a reply.**

**Lack of Evidence and Continued Use of Speculation**

At the May 20, 2025 hearing, the Government rested its revocation argument on the theory that Defendant's use of Signal and his presence in investment-related group chats constituted clear violations. While Defendant has acknowledged authorship of the Signal messages, the Government did not supplement its prior allegations with any verifiable evidence of completed transactions, financial loss, or investor testimony. **No investors were identified, no victim impact was alleged, and no forensic evidence was offered** to show that the Signal use exceeded attorney-client discussions or permissible economic activity under due process protections.

**Defendant's Rebuttal and Explanation at the May 20 Hearing**

At the hearing, **Defendant personally addressed the Court to clarify the record**. He affirmed that **no cryptocurrency events were attended**, **no securities were sold**, and that his **use of Signal stemmed from an attempt to communicate with legal counsel** on unrelated matters. **He took responsibility**, expressed **genuine remorse**, and detailed the daily hardships imposed by current bail conditions — including **prolonged isolation**, **lack of work access**, and the **inability to participate in normal family or religious life**. The **Government did not dispute or rebut any of these representations**.

**Improper Legal Framing and Reliance on § 3143**

At the May 20, 2025 hearing, the **Court asked whether revocation under 18 U.S.C. § 3148(b) was even available** given that this is **not a presumption case under § 3142(e)**, and the alleged violations did **not involve violence or flight risk**. In response, the **Government acknowledged that it had not yet had the opportunity to fully review the legal arguments** raised in the submission filed four days earlier. Rather than address **§ 3148 directly**, the **Government cited § 3143**, which governs **post-conviction detention**—despite the fact that Defendant's guilty plea is contested under Rule 11(d)(2)(B). This **shift in legal posture** further underscores the **Government's failure to engage with the controlling standard** and its **premature reliance on a conviction framework**.

## VI. ONGOING INTENT TO NEGOTIATE SETTLEMENT

**Consistent with Defendant's request at the May 20 hearing**, the defense remains open and willing to engage in **good-faith settlement discussions** during the two-week period following that hearing. While the **Court did not expressly grant or deny the request**, the Defendant has proceeded in reliance on the record and remains prepared to explore **all resolution avenues**. Despite the Government's prior refusal to engage, Defendant remains **committed to avoiding unnecessary litigation and cost** where possible, and continues to act in **honor and with integrity** throughout these proceedings.

6

## VII. CLARIFICATION OF GOOD FAITH PURPOSE

This filing is not intended as a motion to reconsider the May 20 ruling, nor to contest the Court's findings. Rather, it is submitted:

- To **accurately reflect the record** following the hearing;
- To **mitigate mischaracterizations** made during oral argument;
- And to **preserve objections and claims for future filings**, including motions to withdraw the plea, seek sanctions, or pursue civil relief.

## VIII. CONCLUSION

Defendant acknowledges the Court's thoughtful resolution of the bail issue and submits this Statement of Position to preserve the integrity of the record. The Government's ongoing misstatements and failure to respond to key filings reflect deeper issues that continue to affect the fairness of these proceedings.

Defendant relies on the Court's careful review of all pending motions and correspondence and expressly reserves all rights arising from the current record.

Respectfully submitted,

**Respectfully submitted,**
/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Defendant, Pro Se
Electronically Signed via DocuSign
May 23, 2025


Signed by:
Joby Weeks
87866A420DB4490...