**VIA ECF**

Hon. Michael A. Hammer
United States Magistrate Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re: United States v. Jobadiah Sinclair Weeks, Case No. 19-cr-877-CCC
 Request for Immediate Release Pending Decision on the Papers

Dear Judge Hammer,

I respectfully submit this request for immediate release for the Court's consideration in conjunction with the decision to rule on the papers, as noted in Dkt. 427, in the above-captioned matter.

**I have been continuously detained since December 10, 2019—more than 5.5 years—and the statutory maximum sentence for each count is five years,** as reflected in Paragraph 186 of the Draft Pre-Sentencing Report (Exhibit A). **Pursuant to 18 U.S.C. §§ 3553(b)(1) and 3585(b), further detention would exceed the maximum sentence authorized by law.**

The statutory maximum sentence for Count 1 (26 U.S.C. § 7201) is 5 years, and for Count 2 (18 U.S.C. § 371) it is also 5 years **these caps are clear and binding.** That excerpt states:

> "Statutory Provisions: Count 1: The maximum term of imprisonment is five years. 26 U.S.C. § 7201. Count 2: The maximum term of imprisonment is five years. 18 U.S.C. § 371."

**Pursuant to 18 U.S.C. §§ 3553(b)(1) and 3585(b), it is respectfully submitted that the statutory maximum of five years for each count governs the permissible term of imprisonment, and that my time in official detention should be fully credited.** Given my continuous detention since December 2019, I respectfully submit that I have served the maximum exposure for concurrent sentences. **Continued detention beyond that maximum violates my due process rights and controlling law, including United States v. Grier, 475 F.3d 556, 585 (3d Cir. 2007), and United States v. Tavares, 705 F.3d 4, 26 (1st Cir. 2013).**

I acknowledge that there have been past bail violations; however, **I have been fully compliant with all restrictions and conditions since August 2024. I have no history of violence or misconduct while in detention and am not a flight risk or danger to the community.** Nonetheless, following the May 20, 2025 hearing—during which the Government failed to substantiate its claims of flight risk or ongoing danger—the frequency

1

of my required drug testing was abruptly increased by Pretrial Services[1] from once per month to twice per week. **This intensified supervision appears punitive and disconnected from any actual change in risk assessment or compliance history, imposing an unnecessary and burdensome restriction in the absence of any new violation.**

**I also note that my wife is currently pregnant, and my son is expected to be born any day now.** I wish to be present as a free man to support my wife during this significant moment for our family. More than that, I wish to raise my son in the spirit of the values of America—respect for the law, fairness, and the opportunity to build a meaningful life through hard work and dedication.

I also note that at the prior bail hearing, the Government pushed for continued detention based on flight risk and alleged ongoing investigation concerns. However, as outlined in my Post-Hearing Statement of Position following the May 20, 2025 bail decision, **the Government failed to provide any verified victim or loss evidence,** yet continued to push for extended detention. Given that I have now served beyond 5.5 years—the full statutory maximum for both counts—any further detention would compound the due process concerns raised earlier, particularly given my personal circumstances and the expected birth of my son.

This submission also incorporates by reference the Post-Hearing Statement of Position (Dkt. 441-1), which was filed following the May 20, 2025 hearing to preserve objections and document the Government's failure to provide any verified evidence of victim loss, investor harm, or flight risk. In addition, I respectfully submit here the arguments regarding the statutory maximums, the absence of any financial loss or victim statements, and the profound personal hardship arising from the imminent birth of my child. While these arguments were not included in Dkt. 441-1 itself, they are now presented as additional grounds supporting immediate bail improvement. **They underscore that continued detention beyond the statutory maximum sentence violates due process and that further restrictive conditions are unwarranted in light of my clear record of full compliance since August 2024.**

**I further note that the Government has yet to respond to Dkt. 435 (Supplemental Response to the Motion to Revoke Bail), despite having acknowledged its obligation to do so at the May 20, 2025 hearing. This continued silence leaves my factual rebuttals and legal arguments uncontested, reinforcing the procedural imbalance that weighs in favor of immediate bail modification or, if the Court deems it appropriate, full release.** I remain fully compliant and committed to continued cooperation with Pretrial Services. If the Court does not grant outright release at this time, **I respectfully defer to the alternative forms of release outlined below, including removal of electronic monitoring or any other supervision the Court deems appropriate, consistent with my demonstrated compliance since August 2024.**

---

[1] On June 2, 2025, Senior U.S. Probation Officer Charisse Garcia informed me that my drug testing frequency had been increased from once per month to twice per week. No specific justification was provided for this change, and I was not informed of any new compliance concerns or violations. This communication was made orally during our routine check-in.

2

Finally, while I understand that home detention may not be formally credited as official detention under 18 U.S.C. § 3585(b), **I respectfully ask the Court to consider it as a significant hardship under 18 U.S.C. § 3553(a),** consistent with United States v. Cintron-Fernandez, United States v. Ruff, and United States v. Pressley. I submit that this prolonged, highly restrictive home confinement further supports my request for immediate release.

**For these reasons, pending ruling on the papers, I respectfully request that the Court:**

- **Order my immediate release from home confinement, while maintaining any other reasonable conditions (e.g., GPS monitoring), if the Court deems it appropriate;**

- **Or, in the alternative, order my immediate release from both home confinement and GPS monitoring, and allow the use of smartphone and computer;**

- **Or, in the further alternative, order my immediate release without any further conditions;**

- **Or, in the further alternative, grant any other form of immediate release that the Court deems just and appropriate in the circumstances.**

**I make these requests not to diminish the seriousness of this case, but only to secure the chance to be present for my wife and newborn son**, and to raise my child with the values of respect, hard work, and lawfulness that I believe are the cornerstone of American life.

**Given these urgent constitutional concerns, I respectfully request that the Court issue a ruling on this motion no later than June 15, 2025.**

Thank you for your attention to this urgent matter.

**Respectfully submitted,**
/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Defendant, Pro Se
Electronically Signed via DocuSign
Dated: June 4, 2025



**Address:**
2301 Collins Avenue
Miami Beach, FL 33139

**Enclosure:**
Exhibit A: Excerpt from Paragraph 186 of the Draft Pre-Sentencing Report (October 25, 2024)

3