Docusign Envelope ID: C72409AD-4C2A-4930-BB53-EE72B092063B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**JOBADIAH SINCLAIR WEEKS,**

Defendant.

**Criminal No. 2:19-cr-00877-CCC**


**SUPPLEMENTAL NOTICE OF POST-FILING DISCREPANCIES AND REQUEST FOR JUDICIAL RELIEF**

Defendant, **Jobadiah Sinclair Weeks** ("Defendant"), respectfully submits this **Supplemental Notice of Post-Filing Discrepancies and Request for Judicial Relief**, further supplementing Defendant's prior **Motion for Return of Seized Assets filed June 6, 2025 (Dkt. 446)**. This Supplemental Notice incorporates by reference the full record previously submitted, and attaches solely the **June 9, 2025 Letter (Exhibit A)** with its supporting exhibits already provided to the Government.


**I. INTRODUCTION**

Since Defendant's June 6, 2025 Supplemental Motion, additional undisputed discrepancies in the Government's **asset inventories**, **chain of custody documentation**, and **evidence management** have been identified. These custody failures extend beyond clerical omissions and reveal **systemic lapses** in compliance with **Rule 41(g)**, the **Fifth Amendment**, and applicable DOJ evidence retention policies.

The extended period of non-resolution—**more than five years after seizure**—has deprived Defendant not only of his seized property but also of resources essential to his defense. This ongoing deprivation continues to prejudice Defendant's **constitutional right to counsel of choice and meaningful access to defense funding**.

Docusign Envelope ID: C72409AD-4C2A-4930-BB53-EE72B092063B

## II. MATERIAL CUSTODIAL DEFICIENCIES

As detailed in Defendant's **June 9, 2025 Letter (Exhibit A)** served upon the Government, the following material deficiencies remain unresolved:

- **Absence of complete and verified chain of custody documentation** for both the **Arvada, Colorado** and **Palm Beach, Florida** seizures.

- **Missing high-value assets**, including:

    - **Apple MacBook Pro** (housing **Jaxx wallet with ~119 BTC**);

    - **Two mobile phones** (Apple iPhone and Huawei) containing an estimated **23 BTC**;

    - **Sandisk SD card (Serial #9114ZVNL C3W2)**;

    - **$7,500 cash** seized from Defendant's person.

- **Unreconciled inconsistencies** between **room-by-room inventories**, **1B-numbered inventory logs**, and **evidence control records**.

- **Lack of forensic audit reports, imaging logs, or blockchain tracing** for seized cryptocurrency storage devices, including **Items 62, 83, 88, 89, Control Nos. 21 and 22**.

- **Failure to produce or explain custody records** for evidence sealed and transported between seizure sites and storage locations.

- **Documented two-day gap** between seizure and chain of custody documentation for Palm Beach seizures.

A **complete listing of discrepancies** is attached as **Exhibit E of the Letter of June 9**, incorporating the consolidated Excel tables and supplemental inventory analysis submitted to the Government on **June 9, 2025**. The Government has not replied to nor acknowledged receipt of this submission.

Docusign Envelope ID: C72409AD-4C2A-4930-BB53-EE72B092063B

### III. PROCEDURAL HISTORY

- **June 6, 2025:** Defendant filed his **Supplemental Motion for Return of Seized Assets (Dkt. 446)**.

- **June 9, 2025:** Defendant submitted a **follow-up letter (Exhibit A)** detailing the discrepancies.

- Despite multiple written demands and prior commitments by **AUSA Torntore** to coordinate return (including **April 2, 2025 email correspondence**, **no assets have been returned nor have full custody records been produced**.

### IV. WORSENING PREJUDICE TO DEFENSE FUNDING

As previously disclosed in Defendant's **financial disclosure**, Defendant has long depended upon digital assets to fund legal representation. The Government's seizure and prolonged retention of these assets—including cryptocurrency storage devices, digital wallets, and physical assets—**combined with inadequate legal assistance—ultimately forced Defendant to proceed pro se.**

### V. ADDITIONAL SYSTEMIC AND ETHICAL CONCERNS

The failures described herein not only reflect violations of **Rule 41(g)**, but implicate Defendant's constitutional rights under the **Fifth and Sixth Amendments**:

- The Government's continued possession of unreconciled assets and missing property operates as a **de facto forfeiture without due process**.

- By depriving Defendant of access to financial assets necessary for legal defense, these seizures have compromised his **right to counsel of choice**, meaningful **defense preparation**, and **essential personal and family living expenses, including rent, housing stability, medical care, and upcoming childbirth-related costs**.

- The absence of clear custodial records raises serious questions concerning **evidence preservation and evidentiary integrity**, potentially compromising both past and future proceedings.

The institutional duty to maintain lawful custody and complete documentation for seized property rests with the Government. **Failure to reconcile these deficiencies for over five years constitutes not merely administrative oversight but a systemic breakdown of custodial responsibility requiring judicial oversight.**

## VI. RELIEF REQUESTED

### A. Immediate Disclosure and Reconciliation:

1. Order production of a **fully reconciled, consolidated inventory** cross-referencing all seized items, including 1B numbers, control numbers, physical descriptions, evidence box identifications, and seizure locations.

2. Order full production of all **chain of custody logs** for both Arvada and Palm Beach seizures, including transport, storage, intake, transfer, and any internal investigative access logs.

3. Order written disclosure and explanation for **missing high-value items** as previously enumerated.

4. Order sworn **declarations from custodial agents** identifying current status, location, and handling of all seized property.

5. Order explanation for any **unavailable records**, including identification of responsible personnel, efforts to locate records, and any prior unauthorized disposal or transfer of seized property.

### B. Immediate Interim Relief:

7. Order immediate release to Defendant of approximately **3.7 BTC** previously acknowledged by the Government, or in the alternative, payment of the equivalent **current market value as of the date of this filing**, to be completed within **five (5) business days** of Court order.

**This Supplemental Notice and the relief requested herein are submitted in addition to and in further support of Defendant's prior Motion for Return of Seized Assets (Dkt. 446), incorporating additional discrepancies, custodial failures, and updated factual developments identified since the filing of the June 6, 2025 Motion.**

## VII. CONCLUSION

The record now reflects over **five years of unresolved custodial failures, missing high-value assets, and systemic breakdowns** in evidence handling that materially prejudice Defendant's constitutional rights and property interests. **Absent prompt judicial intervention, these violations will continue to compound.**

**WHEREFORE, Defendant respectfully requests that this Court grant the relief requested herein, including any further evidentiary hearings deemed necessary to resolve these outstanding matters.**

Dated: June 17, 2025

Respectfully submitted,

**/s/ Jobadiah Weeks**
Jobadiah Sinclair Weeks
Pro Se Defendant
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Electronically Signed via DocuSign

Signed by:
*Joby Weeks*
87866A420DB4490...