# Exhibit A.

Letter to Ingrid Eicher, Vinay S. Limbachia and Andrew A. Kogan on June 11, 2025.

**VIA EMAIL**

AUSA Ingrid Eicher
AUSA Vinay S. Limbachia
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

**Subject: Formal Request for Clarification, Brady Disclosure, and Supervisory Review re Count 1 (Conspiracy to Commit Wire Fraud) – United States v. Goettsche et al., 19-cr-00877 (D.N.J.)**

Dear Ms. Eicher and Mr. Limbachia:

## I. Request for Clarification Regarding Joint Charging Theory

In light of the Government's representations in the pending matter, I write to request **clarification and production of information** relating to the **factual and legal basis** by which the Government has asserted a **joint conspiracy theory** connecting Mr. Matthew Goettsche and myself in **Count 1** of the indictment.

As reflected in the Government's own filings with the Court, including:

- **Dkt. 9, Indictment (Exhibit A)**, which alleges that:

    - *"Based on the materially false and fraudulent pretenses, representations, promises, and omissions that the Fraud Co-Conspirators made and caused to be made to investors, the Fraud Co-Conspirators, both individually and through BCN, Matthew Brent Goettsche, Jobadiah Sinclair Weeks and Silviu Catalin Balaci received funds from investors, including through cash, check, wire transmissions, and cryptocurrency transfers."* (Dkt. 9　4.)

    - *"Knowingly and intentionally conspired and agreed with each other and others to devise a scheme and artifice to defraud, and to obtain money and property from victims by means of false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice to..."* (Dkt. 9　2.)

- **Dkt. 70, Government's Opposition to Release (Exhibit C)**, where the Government stated:
    *"They were members of an international conspiracy to defraud countless victims as part of an internet-enabled pyramid scheme."* (Dkt. 70 at 5, PageID 1570.)

1

- **Dkt. 75, Government's Supplemental Opposition (Exhibit D)**, where the Government asserted:
  *"Defendants maintain access to considerable wealth and overseas contacts, have strong reasons to flee, and international travel is available through, among other things, commercial and private aircraft."* (Dkt. 75 at 2, PageID 1723.)

The Government has thus affirmatively advanced the position that Mr. Goettsche and I acted jointly and collectively as part of the same criminal conspiracy.

## II. Lack of Consent and Absence of Any Written Agreement

As discussed extensively in recent filings, this factual grouping appears to rely, at least in part, on an alleged verbal exchange sometimes referenced as the **"Hoxie Statement."** According to my sworn filings and pro se submissions, neither I nor my former legal counsel were ever asked to provide — nor did we give — **consent** for any such grouping or factual attribution, and no written or recorded memorialization of any such agreement has ever been produced.

Moreover, apart from brief incidental meetings at a few BCN-related events (where Mr. Goettsche remained largely unknown and behind the scenes), I had **no meaningful personal or business relationship** with Mr. Goettsche prior to our arrests. My only extended interaction with him occurred **following arrest**, during **joint transport** and **temporary pretrial detention** (**see Exhibit E, August 25, 2020 Proffer Memo, ¶¶ 7, 52**).

Further, any statements made by me during proffer sessions conducted on August 17, 2020 and August 25, 2020 (**Exhibits F**), were provided under **proffer protections** and with no consent to their use for purposes of joint charging or attribution against Mr. Goettsche.

## III. Specific Requests for Production of Evidence

In order to clarify the Government's current position and to establish a complete record on this issue, I respectfully request that the Government:

1. Confirm whether the Department of Justice possesses any **written, recorded, or memorialized documentation** reflecting that either I or my former legal counsel were asked whether we consented to my being grouped together with Mr. Goettsche for purposes of charging, plea negotiations, factual joinder, or evidentiary theory;

2. If no such written documentation exists, confirm whether the Government instead relies on any **verbal conversation (including, but not limited to, the alleged "Hoxie Statement")** as the basis for joint attribution, and, if so, identify:

   - The date, location, and participants of any such conversation;

   - The Government personnel present;

2

- ○ Whether defense counsel was present;

- ○ Whether the Government maintains any contemporaneous record, internal memorandum, or DOJ approval reflecting this exchange; and

3. Confirm whether any **statements made by me — including any statements arising from proffer sessions or plea discussions — have been or will be used, directly or indirectly** to support the Government's evidentiary case against Mr. Goettsche.

## IV. Further Independent Dismissal Grounds

The Government's failure to produce contemporaneous evidence of consent — or any factual foundation for its joint charging theory — renders Count 1 legally defective on multiple independent and cumulative grounds, including but not limited to:

- **Lack of Verified Victims or Substantiated Losses:** Despite alleging over $722 million in investor losses, the Government has failed to produce verified affidavits of loss, victim declarations, tax filings, or any supporting documentation that identify actual victims or establish causally linked financial harm. This failure persists although such verification has been repeatedly requested, including in my letter dated April 25, 2025 (**Exhibit G**). The Government instead relies on unsworn, incomplete data contained in the Draft Pre-Sentence Report of Joby Weeks, dated October 25, 2024, which includes only **12 victim declarations totaling $458,502.40**, representing **less than 0.1% of the total amount alleged in Count 1**, and which itself acknowledges that verification from the Government remains "awaited." (See **Exhibit B**, Draft PSR ¶ 112 n.2.)

- **Lack of Probable Cause:** The indictment was presented to the grand jury without reliable, verified evidence of victim loss or joint criminal agreement, violating *Costello v. United States*, 350 U.S. 359 (1956), which requires probable cause supported by competent evidence.

- **Failure to State an Offense (Rule 12(b)(3)(B)):** The indictment fails to establish the essential elements of wire fraud conspiracy, including (i) specific fraudulent conduct, (ii) material misrepresentations, and (iii) causation of actual loss to identified victims.

- **Fifth Amendment Due Process Violations:** The Government's failure to verify victim loss, combined with the retroactive reconstruction of its charging theory, violates Mr. Goettsche's and my constitutional right to fair notice, meaningful opportunity to defend, and protection against arbitrary prosecution.

- **Sixth Amendment Confrontation Violations:** Any attempt to attribute my proffer-derived statements to Mr. Goettsche — without opportunity for cross-examination — would violate the Confrontation Clause as articulated in *Bruton v. United States*, 391 U.S. 123 (1968), and *Crawford v. Washington*, 541 U.S. 36 (2004).

- **Improper Use of Proffer-Protected Statements:** The Government may not rely on any statements made during proffer sessions that were protected under formal proffer agreements, nor expand their use beyond the scope permitted by law and DOJ policy.

- **Prejudicial Misjoinder (Rule 8(b), 14(a)):** The improper factual grouping of Mr. Goettsche and myself — absent valid proof of joint criminal agreement — creates prejudicial misjoinder requiring severance or dismissal.

Each of these violations constitutes a separate and independently sufficient basis for dismissal of Count 1.

## V. Request for Supervisory Review and DOJ Escalation

At a minimum, the absence of such evidence directly impacts co-defendant Goettsche's rights, including his ability to seek dismissal or severance based on prejudicial misjoinder under Federal Rule of Criminal Procedure 8(b) and 14(a). For this reason, counsel for Mr. Goettsche, **Rodney Villazor, Esq. of Clark Smith Villazor LLP**, has been copied on this correspondence.

Additionally, given the seriousness of these issues, if the Government is unable to produce the requested documentation, I respectfully request that the matter be promptly referred for **supervisory review** within the Department of Justice, including to the appropriate **Section Chief and the Office of Professional Responsibility** pursuant to the Department's internal reporting obligations, including **Justice Manual §§ 1-4.100 and 9-5.001.**

I respectfully request that the Government confirm receipt of this request within two (2) business days of receipt, and provide full written responses within ten (10) business days of receipt.

This request is made without waiver of any existing objections, defenses, or pending motions now before the Court.

Sincerely,

Jobadiah Weeks
**Defendant (pro se)**
Electronically Signed via DocuSign
Date: June 11, 2025

Signed by:

Joby Weeks

87866A420DB4490...

**cc:**
Rodney Villazor, Esq. (Clark Smith Villazor LLP)
rodney.villazor@csvllp.com
Counsel of Record

4

**Enclosures: Exhibits**

- **Exhibit A:** April 25, 2025 Letter from Jobadiah Weeks to AUSAs requesting victim list information (Dkt. 443)

- **Exhibit B:** Excerpts from Draft Pre-Sentence Report of Joby Weeks, dated October 25, 2024 (PSR Draft    112 and n.2)

- **Exhibit C:** Indictment (Redacted), Dkt. 9, filed December 20, 2019 (¶¶ 2, 4)

- **Exhibit D:** Government's Opposition to Release, Dkt. 70, filed March 24, 2020 (at PageID 1570)

- **Exhibit E:** Government's Supplemental Opposition to Release, Dkt. 75, filed March 27, 2020 (at PageID 1723)

- **Exhibit F:** August 17, 2020 Proffer Memo of Jobadiah Weeks (Redacted)

- **Exhibit G:** August 25, 2020 Proffer Memo of Jobadiah Weeks (Redacted)