UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States of America,
Plaintiff,

v.

Jobadiah Sinclair Weeks,
Defendant.

Criminal No. 2:19-cr-877-CCC


**The Honorable Michael A. Hammer**
United States Magistrate Judge
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101


**DEFENDANT'S CONSOLIDATED MOTION TO MODIFY CONDITIONS OF RELEASE**
**(Pursuant to Court Order Dated July 15, 2025)**


# I. Introduction

**COMES NOW** the Defendant, **Jobadiah Sinclair Weeks**, *pro se*, and respectfully moves this Honorable Court to **modify the current conditions of release pursuant to 18 U.S.C. § 3145(a)(2) and § 3142(c)**.

Pursuant to the Court's **July 15, 2025 Order**, Petitioner submits this **consolidated motion to modify bail conditions**, incorporating relief previously sought in **Dkts. 444** (filed June 4, 2025) and **457** (filed July 15, 2025). The Government responded to Dkt. 444 in **Dkt. 449** (June 18, 2025), and Petitioner replied in **Dkt. 450** (June 18, 2025). Dkt. 457 was filed in response to changed circumstances—namely, the Court's **bail modification order for co-defendant Goettsche (Dkt. 456)** and new restrictions imposed post-May 20 that were not addressed in Dkt. 444. Although the Court **terminated Dkts. 444 and 457** citing "internal inconsistency," Petitioner respectfully submits that those motions were **not conflicting, but cumulative and sequential**. The continued pendency of the Government's opposition (Dkt. 449) and Petitioner's reply (Dkt. 450), despite termination of the underlying motion, **underscores the need for procedural clarity**. Petitioner respectfully requests that, for consistency, Dkts. 449 and 450 also be deemed **terminated**, or alternatively, that the Court **clarify their current procedural status** to avoid further confusion.

1

**The reasons for this request are set forth below:**

**Following the Court's May 20, 2025 Order (Dkt. 439)**, Pretrial Services and/or the Government imposed additional restrictions that were not judicially authorized. **A letter from Petitioner** raising moral and proportionality concerns regarding this disparity was previously submitted to the Government (see **Exhibit A**). Meanwhile, **co-defendant Matthew Goettsche** has been granted significantly relaxed bail conditions pursuant to the Court's **June 27, 2025 Order (Dkt. 456)** despite being the principal actor in the charged conduct. **Petitioner, by contrast,** held no ownership or managerial authority over BitClub Network, has maintained full compliance, and now faces increased, not reduced, restrictions.

# II. Requested Modification and Reasons and Categorized for Clarity

To assist the Court and Pretrial Services in assessing the scope and justification of this Motion, Petitioner categorizes his requested relief into three distinct groups:

**Group 1 – Rollback Post-May 20 Restrictions**

These restrictions were imposed after the Court's **May 20, 2025 Order (Dkt. 439)** by Pretrial Services and/or the Government (**see Exhibit B**), **without judicial authorization, justification, or documented  noncompliance subsequent to the May 20, 2025 hearing**. They include:

- **Elimination of access to outdoor areas** within the residential complex

- **Increase in drug testing** from once monthly to eight times per month

- **Denial of permission to attend pediatric and family-related medical appointments**

- **Additional internal restrictions** imposed without court order or risk reassessment

**Requested Relief:** Petitioner respectfully requests that these restrictions be **rescinded**.

**Group 2 – Equal Treatment with Co-Defendant Goettsche**

While absolute equal treatment is not required, the Court may consider proportionality in the interests of justice.

As detailed in the Court's Order dated June 27, 2025 (**Dkt. 456**), Matthew Goettsche, a lead defendant and founder of the alleged conspiracy, was granted substantial bail relief with no objection from the Government or Pretrial Services.

**The Bail Reform Act** requires that pre-trial release conditions be the "**least restrictive**" necessary to ensure appearance and safety. 18 U.S.C. § 3142(c)(1)(B). While not a formal proportionality review, courts ensure conditions are **proportionate to the petitioner's risk, balancing liberty interests against government objectives**. *See United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). The Eighth Amendment's Excessive Bail Clause further prohibits conditions that are **unreasonably restrictive**. *See Stack v. Boyle*, 342 U.S. 1, 5 (1951).

Petitioner seeks parity based on his **peripheral role** and his record of full **compliance since August 2024**, and respectfully urges the Court to consider the conditions imposed on Mr. Goettsche in determining what measures are proportionate, feasible, and reasonable in this case. Specifically, Petitioner requests:

- **Conversion from curfew + custodian to standalone electronic monitoring**
  → Petitioner would no longer be subject to curfew hours or require a third-party custodian
  → Electronic monitoring remains in place, subject to Pretrial Services discretion

- **Permission to use one internet-enabled device**
  → Device to be approved and monitored by Pretrial Services
  → Monitoring software may be installed; privilege protections apply

- **Expanded travel permission**
  → Travel within the 48 contiguous U.S. states, subject to 7-day advance itinerary and Pretrial approval

- **Cost-sharing for monitoring software**, if imposed, to be based on ability to pay

**Requested Relief:** Petitioner respectfully requests the court consider affording the Petitioners parity, in the interest of justice, as those granted to Mr. Goettsche to ensure proportionality, equal protection, and fair application of the Bail Reform Act.

# III. Conclusion

**For the foregoing reasons, Petitioner respectfully requests that the Court:**

1. **Acknowledge the Court's Order requiring a Government response by August 14, 2025,** and respectfully request that the Court rule promptly thereafter to ensure timely resolution of Petitioner's bail conditions;[1]

---

[1] The principle that justice must be both timely and impartial traces back to the Magna Carta (1215), which declared: "To no one will we sell, to no one deny or delay, right or justice." This doctrine shaped Anglo-American legal tradition and directly influenced the U.S. Constitution's due process protections, including the right to a speedy trial. See also *Strunk v. United States*, 412 U.S. 434, 439 (1973) ("[T]he right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment.").

2. **Enforce the May 20, 2025 Order by removing restrictions imposed afterward that were not expressly authorized by the Court**;

3. **Review conditions of release informed by a proportionality review in the interests of justice in regard to conditions applying to co-defendant Goettsche;**

4. **Grant additional relief consistent with Petitioner's circumstances, compliance, and constitutional rights;** and

5. **Declare that Dkt. 435 is now unopposed** due to the Government's prolonged failure to respond, or in the alternative, **order the Government to file a response within a defined timeframe.** The motion has remained pending since May 16, 2025, despite express assurances in open court that a response would be forthcoming. This continued inaction undermines procedural fairness, impedes resolution of overlapping bail concerns, and stands in contrast to the expedited treatment of comparable motions.[2]

**Petitioner humbly submits this request in the spirit of justice, mercy, and truth**, trusting that the Court will weigh this matter not only under the law, but also with the **discernment and fairness** that form the foundation of our system. As **Proverbs 21:15** reminds us: *"When justice is done, it brings joy to the righteous but terror to evildoers."*

**In the time afforded through the Court's Order directing a response by August 14**, Petitioner intends not only to prepare legally, but also to **reflect more deeply on how to walk in greater alignment with the teachings God places before him**—including **patience, humility, and faith**.

/s/ Jobadiah Sinclair Weeks
Pro Se Defendant
Dated: July 22, 2025


Signed by:
*Joby Weeks*
87866A420DB4490...

**Attachments:**

- **Exhibit A** – Letter to AUSAs Limbachia and Eicher (July 13, 2025)

- **Exhibit B** – July 3, 2025 Email Regarding Pediatric Appointment Access

---

[2] See Dkt. 457 at ¶10 and fn.1, where Petitioner previously highlighted the Government's unfulfilled commitment to respond to Dkt. 435. In a prior filing (Dkt. 441), Petitioner also noted that the motion may be deemed unopposed or that the Government's objections were waived due to its inaction. Petitioner explicitly objected to any future request to respond out of time, while reserving the right to reply if leave were granted. The Court has since terminated Dkt. 457 without substantive ruling, further underscoring the need for clear direction on the Government's obligations and timely adjudication of outstanding motions. The failure to do so constitutes not only delay but a breakdown of fair process in addressing liberty-restricting conditions.