Exhibit A.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**United States of America,**
Plaintiff,

v. **Jobadiah Weeks,**
Defendant.

Criminal No. 19-cr-877-CCC

**SUPPLEMENTAL MOTION FOR RETURN OF SEIZED ASSETS PURSUANT TO RULE 41(g)**

**TO THE HONORABLE CLAIRE C. CECCHI, U.S. DISTRICT JUDGE:**

NOW COMES the Defendant, Jobadiah Sinclair Weeks, proceeding pro se, and respectfully submits this Supplemental Motion under Federal Rule of Criminal Procedure 41(g) seeking the immediate return of seized assets unlawfully retained by the United States Government. This motion supplements the relief requested in the February 26, 2025 Motion to Compel Discovery (Dkt. No. 402, Section 4.3), and the formal Rule 41(g) letter demand sent to AUSA Torntore on the same date.

# I. Procedural History

**On December 10, 2019**, federal agents executed a search warrant at two locations: (1) in **West Palm Beach, Florida**; and (2) 11627 W 74th Way **Arvada, Colorado**, the room in the home of Defendant's parents in where Defendant had lived while attending high school about 25 years ago. including:

- Cryptocurrency held in wallets and hardware devices;

- Precious metals (gold and silver coins, bars, and certificates);

- Cash (USD);

- Stock certificates and business records;

- Computers, phones, and digital storage devices.

These assets were not subject to forfeiture, and no forfeiture proceedings have been initiated since seizure. They are, therefore, non-forfeitable personal property wrongfully withheld from the Defendant **in violation of Rule 41(g) and the Fifth Amendment**.

**Defendant has made multiple formal requests** for return of these assets, including:

- **March 22, 2024** letter by former counsel **David Stone** (Exhibit A);

- **September 5, 2024** follow-up letter to **AUSA Torntore** (Exhibit B);

1

- **On December 6, 2024**, in response to this letter, AUSA Torntore provided the Report of Activity dated December 10, 2019 (Exhibit C) to Defendants ex-legal counsel. This report detailed the transfer of BTC and other cryptocurrencies. Following this, Torntore told Defendants ex-legal counsel that he would find out what happened to the 4.99995661 BTC that were missing in the report and ensure the approximately 8.67 BTC would be returned to me. No information was provided on the JAXX wallet.

- On or around **January 14, 2025**, Torntore followed up with my ex-legal counsel, as described in the email of February 20, 2025 from Eric Cohen of Stone Magnanini LLP (Exhibit D).

- **February 26, 2025** Motion to Compel Discovery (Exhibit E), filed with the Court, which in Section 4.3 requested an order compelling the government to return all non-forfeitable assets, including cryptocurrency, precious metals, and physical property, within ten (10) business days;

- **February 26, 2025** Rule 41(g) Letter reiterating the same (Exhibit F);

- April 2, 2025 email from AUSA Torntore confirming FBI/IRS coordination for return (Exhibit G);

- **April 12, 2025** letter requesting follow-up and confirmation (Exhibit H);

- **May 31, 2025** follow-up letter to new AUSAs (Exhibit I).

**AUSA Anthony Torntore** explicitly agreed on at least three separate occasions to coordinate the return of the seized assets: (1) in response to the March 22, 2024 letter from prior counsel; (2) following the December 6, 2024 release of the Crypto-Seizures Memorandum; and (3) in a direct email dated April 2, 2025, confirming coordination with the FBI/IRS. Despite these acknowledgments, no property has been returned. In the **May 31, 2025** follow-up letter to the newly assigned AUSAs (**Exhibit I**), and again in the **April 12, 2025** letter to AUSA Torntore (**Exhibit H**), Defendant specifically requested confirmation of receipt within two business days. **No such confirmation was ever received.** Despite these repeated assurances and formal notice, the assets were never returned.

**A. Seized Cryptocurrency and Missing BTC**

The Government's own records, including the December 10, 2019 **Crypto-Seizures Memorandum** and Seized Assets Report and Related Seizure Documentation (Exhibit J), confirm the seizure of at least 8.67041881 BTC from Defendant's wallets. However, only 3.6704622 BTC is reflected in the government's seizure report. An additional 4.99995661 BTC was transferred but never accounted for, constituting a missing asset. Even if the government now claims it cannot locate the missing BTC, it bears the burden of accountability for property it seized and partially documented. A forensic audit and sworn declarations are essential to determine where custody failed.

**B. $7,500 in Cash Seized from Defendant's Person**

Approximately **$7,500 in U.S. currency** was seized directly from Defendant's person during his arrest on **December 10, 2019**. As described in the contemporaneous **Memorandum of Activity (Exhibit K)**, this cash was discovered **concealed in Defendant's belt** during intake at the **Palm Beach County Jail – Gun Club**, and placed into a **sealed evidence bag** provided by the jail. See Memorandum of Activity dated **December 10, 2019**, point 12. The Government has **never included this cash in any property receipt, inventory report, or documentation confirming its return**.

**C. Seized Digital and Physical Assets**

In addition to **Bitcoin**, other **digital assets** were seized (**Ethereum**, **Litecoin**, **Bitcoin Cash**), as well as **precious metals**, **$4,410 in U.S. currency** (which is the property of the Defendant's parents), **stock certificates**, and **legally significant business and personal records**. None of these assets were ever subject to **forfeiture proceedings**. Despite being lawfully seized, neither the **$4,410** nor the **$7,500** in cash were subject to forfeiture. The government **acknowledged possession** of the former, but the latter has **never been inventoried or returned**. Both remain **unlawfully withheld in violation of Defendant's Fifth Amendment rights**.

**D. Deficiencies in Seizure Inventory and Impact on Return**

Defendant also notes that the seizure inventory records, as included in **Exhibit J**, repeatedly describe items in vague and speculative terms, such as **"possible gold bars," "possible silver bars,"** or **"possible coins,"** without providing the **number, weight, material verification**, or any indication of whether the items were tested or authenticated. For example, evidence boxes are labeled only by their presumed contents rather than by any **confirmed, itemized detail**. This includes **"Evidence Box 6 – United States Currency,"** a designation that is ambiguous as to whether it refers to coins or paper currency. The inventory does not state **how many bars or coins** were seized, what their **composition** is (e.g., gold, silver, other metal), or what **denomination or mint** they may bear. This lack of specificity violates **Rule 41(f)(1)(B)** of the Federal Rules of Criminal Procedure, which requires law enforcement to produce a **verified and complete list** of seized property.

These deficiencies may help explain why **AUSA Torntore**, despite multiple formal commitments to arrange the return of these assets, ultimately failed to act. Such omissions hinder Defendant's ability to reclaim his property and raise serious **due process concerns under the Fifth Amendment**, particularly as the Government continues to retain assets it **cannot properly identify or verify**.

## III. Legal Standard

While the government may argue that some of the seized items relate to **ongoing investigations** or involve **third-party interests**, it has never filed a **Notice of Related Case** or disclosed any **continuing investigative nexus**. All listed property was either in **Defendant's exclusive possession** or clearly associated with him at the time of seizure, and **no third-party claims or competing interests** have been asserted in over five years. **Delays attributed to internal staffing or turnover cannot justify ongoing constitutional violations**.

Under **Fed. R. Crim. P. 41(g)**, a person aggrieved by the unlawful seizure or retention of property may move for its return. When the government retains **non-forfeitable assets** without initiating proper forfeiture proceedings or demonstrating a **lawful basis for continued custody**, it violates both **Rule 41(g)** and the **Due Process Clause of the Fifth Amendment**.

Relevant case law includes:

- *Luis v. United States*, 578 U.S. 5 (2016), where the Supreme Court held that pretrial restraint of untainted assets needed for defense violates the Sixth Amendment;

- *United States v. Rodriguez-Aguirre*, 264 F.3d 1195 (10th Cir. 2001), where the court ordered the return of improperly retained property years after seizure, demonstrating that continued retention without lawful basis is constitutionally impermissible;

- *United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999), holding that post-conviction retention of seized property without forfeiture proceedings entitles the defendant to return of the property;

- *United States v. $8,850*, 461 U.S. 555 (1983), recognizing that unreasonable delay in initiating forfeiture can violate due process under the Fifth Amendment;

- *United States v. Martinson*, 809 F.2d 1364 (9th Cir. 1987), affirming the right to return of property absent an ongoing justification for its retention.

4

# IV. Relief Requested

Defendant respectfully requests that the Court:

1. **Order the immediate return of all seized cryptocurrency**, including:

   - 3.6704622 BTC (the only amount acknowledged in the government's seizure report; the remainder is currently missing and unaccounted for as described above)
   - 48.916537 ETH
   - 91.851854 LTC
   - 2.9765462 BCH

2. **Order the return of physical property**, including all:

   - Precious metals, coins, and bars;
   - $4,410 in U.S. currency;
   - $7,500 in U.S. currency seized during arrest;
   - Stock certificates, computers, phones, and digital storage devices;
   - Corporate and legal records seized during the search.

3. **Compel the Government to produce:**

   - **A complete inventory of all items seized on December 10, 2019;**
   - **A forensic audit and on-chain transaction history for all cryptocurrency wallets accessed by the government;**
   - **Signed declarations under penalty of perjury from responsible government agents confirming asset custody and chain of custody;**
   - **Confirmation that all items listed in the Seized Assets Report and Related Seizure Documentation (Exhibit J) are accounted for and scheduled for return[1].**

4. **Set a deadline for return of all non-forfeitable assets within ten (10) business days of ruling.**

5. Respectfully request that the Court issue a **ruling on this motion within thirty (30) days of filing**, consistent with the timeline already requested in Section 4.3 of the Motion to Compel Discovery.

---

[1] Exhibit J includes the official IRS and FBI seizure records, inventory lists, item descriptions, digital evidence logs, and cryptocurrency seizure documentation from the December 10, 2019 search at Defendant's residence. It serves as the definitive evidentiary basis for this motion.

**V. Conclusion**

Over five years have passed since the Government seized Defendant's property. These items are not contraband, not forfeited, and not part of any pending legal matter. Their continued retention violates Rule 41(g), the Due Process Clause, and multiple Supreme Court precedents. **The Court should grant this motion in full, order immediate coordination for the return of all assets** listed above and in Exhibit J, and **issue a ruling within thirty (30) days of filing to prevent further prejudice and enforce compliance with Rule 41(g).**

The Defendant further notes that **AUSA Anthony Torntore**, on multiple occasions over the past year, **affirmatively acknowledged the Government's obligation to return the seized property** and **explicitly committed to coordinating its return**. These representations — including in written correspondence dated **April 2, 2025** — establish that the Government itself **no longer contests ownership or the legality of retention**. **Continued delay in returning these assets, despite these commitments, only magnifies the deprivation of property and undermines the Government's credibility**. Accordingly, Defendant respectfully urges this Court to **issue a firm order compelling return of the property without further delay** and to **enforce compliance within ten (10) business days**.

**Respectfully submitted,**
/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks, Pro Se
2301 Collins Avenue
Miami Beach, FL 33139

Email: silenceweeks1@gmail.com
Dated: June 6, 2025

Signed by:

Joby Weeks

87866A420DB4490...