**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**United States of America,**
    Plaintiff,

v.

**Jobadiah Sinclair Weeks,**
    Defendant.

Crim. No. 19-877 (CCC)

**MOTION FOR RECONSIDERATION AND CLARIFICATION OF OCTOBER 8, 2025 OPINION AND ORDER (DKT. 497)**

I, Jobadiah Sinclair Weeks, appearing *pro se* and assisted by standby counsel, respectfully moves this Court pursuant Local Civil Rule 7.1(i) (as adopted by Local Criminal Rule 1.1), *Fed. R. Crim. P.* 16(d)(2), and the Court's inherent authority to reconsider and clarify its *Opinion and Order* entered October 8, 2025 (*Dkt. 497*).

This motion seeks limited reconsideration to correct clear procedural oversights, enforce prior court directives, and ensure that all rulings rest upon a complete and accurate record as required by due process and Third Circuit precedent. It is narrowly tailored to clarify aspects of the *Opinion and Order*, rather than to re-litigate the underlying merits, in deference to judicial economy and finality.

The request is prompted by developments and clarifications that arose after the Court's decision—specifically, the Government's continued non-response to my September 23, 2025 discovery-clarification letter (now submitted as Exhibit B), the discovery of a missing plea-hearing transcript cited but not filed, and docket corrections confirming that certain assets remain under IRS-CI Denver custody.

1

## I. STANDARD FOR RECONSIDERATION

Reconsideration is warranted when the Court has overlooked controlling decisions of law or material facts that might reasonably have affected the outcome. *See* L. Civ. R. 7.1(i); *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). It is also appropriate to correct a clear error of law or fact, or to prevent manifest injustice (manifest injustice exists where the record reflects unaddressed prejudice or one-sided adjudication of contested issues). *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995), see also *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("Motions for reconsideration may be filed in criminal cases to correct clear errors of law or to prevent manifest injustice."). Although styled as a criminal case, motions for reconsideration in this District are governed by the same standard through Local Criminal Rule 1.1, which incorporates the Local Civil Rules to ensure consistency of practice and procedure.

## II. BACKGROUND AND PROCEDURAL HISTORY

To place the issues in context, the following procedural summary highlights the key filings and orders relevant to this Motion for Reconsideration and Clarification. Because I have proceeded pro se since early 2025, my filings are to be construed liberally and held to less stringent standards than those drafted by counsel. *See* Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

- **February 2025:** I began presenting myself *pro se*, with standby counsel appointed shortly thereafter, following the withdrawal of prior counsel of record.

- **February–March 2025:** I filed a series of motions seeking discovery and selective-prosecution materials (*Dkt. Nos. 402–407*) under *Brady v. Maryland* and *Armstrong v. United States*.

- **March 11, 2025:** The Court issued a Text Order (*Dkt. 408*) directing the Government to respond to those motions by April 8, 2025, and scheduled a hearing for May 8, 2025.

2

- **April 3, 2025:** The Court entered a Text Order (*Dkt. 415*) granting the Government's request for a two-week extension to respond, moving the response deadline to April 22, 2025, and allowing me one week thereafter to reply.

- **April 21, 2025:** The Government filed its Opposition (*Dkt. 417*) within the extended period, referencing a plea transcript as "Exhibit A" that was never filed on the docket.

- **May 6, 2025:** The Court entered a Text Order (*Dkt. 427*) stating that the motions would be decided "on the papers," effectively cancelling the May 8 hearing.

- **May–September 2025:** I filed additional motions and supplemental submissions expanding on discovery, property-return, and unsealing issues (*Dkt. Nos. 420, 432, 443, 446, 467, 469, 477–489, and 494*).

- **September 9, 2025:** I filed a Notice of Errata (*Dkt. 481*) notifying the Court and the Government that Exhibit A to *Dkt. 417* had not been provided and requesting correction.

- **September 11, 2025:** I filed and served the *White Paper on Crypto Enforcement Process Failures: BCN Case Study & Institutional Audit* (*Dkt. 483.1*), authored by Bradford L. Geyer and Frederic Teboul, providing institutional context for the discovery and enforcement issues raised.

- **October 6, 2025:** I transmitted to the Government the Memorandum of Law in Support of Motion for Reconsideration and Clarification, which has not yet been docketed.

- **October 8, 2025:** The Court issued its *Opinion and Order* denying or mooting all pending motions without addressing the Government's non-compliance with *Dkt. 408*, the missing Exhibit A, or the unopposed filings listed in Exhibit A to this motion.

This Motion for Reconsideration and Clarification follows to correct those procedural deficiencies and to ensure that the *Opinion and Order* rests on a

complete and accurate record consistent with due process and the Court's prior directives.

## III. ERRORS AND OMISSIONS IN THE OCTOBER 8, 2025 OPINION AND ORDER

The *Opinion and Order* denied or mooted more than twenty pending motions without individualized analysis, despite several being unopposed and others resting on an incomplete record. The following subsections identify the principal procedural and substantive errors warranting reconsideration and partial vacatur.

The Court's *Opinion and Order* inadvertently decided twenty pending motions on an incomplete record, resulting in a lack of adversarial presentation on core issues of discovery, property return, and plea validity.

### A. Unopposed Motions Were Denied Without Findings

The Government filed no opposition to numerous pending motions—including *Dkt. Nos. 446, 467, 469, 477, 482, and 486*—yet the Court summarily denied them "for the reasons expressed below." Local Civil Rule 7.1(d)(7), adopted by Local Criminal Rule 1.1, authorizes the Court to treat unopposed motions as uncontested or to require a response before ruling. *Cf. United States v. Mallory*, 337 F. Supp. 3d 621, 624 (E.D. Va. 2018) (granting unopposed defense motion). By denying unopposed motions without analysis, the Court effectively ruled in favor of the prosecution without briefing, contrary to the adversarial framework and Rule 47(b)'s requirement that courts state essential findings on the record.

### B. Rule 41(g) and Discovery Motions Were Not Moot

The *Opinion and Order* declared nearly all motions "moot" upon denial of the plea-vacate request. That determination conflicts with established law. A motion for return of seized property under *Fed. R. Crim. P.* 41(g) remains justiciable after a guilty plea or conviction because it invokes the Court's equitable jurisdiction rather than the validity of the plea itself. *United States v. Chambers*, 192 F.3d 374, 376–77 (3d Cir. 1999). Similarly, post-plea discovery and *Brady*-based motions survive until sentencing and beyond. *See United*

*States v. Noel*, 708 F.3d 376, 384 (3d Cir. 2013). Accordingly, denying these motions as "moot" was a clear error.

As detailed in *Exhibit A § V(E)*, Rule 41(g) jurisdiction endures after conviction and independently authorizes equitable relief; the Court's contrary conclusion was clear error.

## C. Government Non-Compliance With Discovery Was Not Addressed

My discovery and unsealing motions (*Dkst. Nos. 402–407, 420–421, 477*) specifically alleged incomplete production and requested judicial intervention under Rule 16(d)(2). The Court did not require certification of compliance, response, or explanation. This omission effectively excused non-compliance and deprived me of materials relevant to plea validity and sentencing mitigation. Under *United States v. Noel*, 708 F.3d at 384, and *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution's disclosure obligations continue through sentencing and any post-trial proceedings. The *Opinion and Order* therefore overlooked a continuing constitutional duty.

As detailed in *Exhibit A § V(A)* and the correspondence attached as *Exhibit B*, the Government's non-response to the September 23, 2025 discovery-clarification letter confirms continuing non-compliance with Rule 16(d)(2) and *Brady* obligations.

## D. Incomplete Opposition Filing (*Dkt 417*) and Missing Exhibit A

As detailed in *Exhibit A § IV(H)*, the Court's reliance on *Dkt. 417*—which cited, but did not file the November 5, 2020 plea transcript—constitutes clear error warranting reconsideration.

## E. Government Waiver and Improper Post-Deadline Repair

I placed the Government on formal notice of its defective filing through the *Notice of Errata* (*Dkt. 481*), submitted more than four weeks before the Court's ruling. The Government never corrected or supplemented its opposition and has not moved for leave to supplement the record. Having failed to cure after notice, it waived the right to rely on materials not properly filed or served. *See In re Capital Cities/ABC, Inc.*, 913 F.2d 89, 96 (3d Cir. 1990) ("A party may

not retroactively supplement the record to justify a decision already rendered."); *United States v. Bostic*, 206 F. Supp. 3d 895, 903 (E.D. Pa. 2016).

As shown in *Exhibit A § VII(E)*, the Government ignored the March 11, 2025 Text Order (*Dkt 408*) and failed to cure its defective filing despite formal notice, constituting waiver and excusable-neglect default under *Pioneer*.

## F. Absence of Documented Faretta Waiver (Structural Error)

The record contains no certified transcript or written acknowledgment of my waiver of counsel following the *Faretta* hearing held on February 5, 2025, before Magistrate Judge Hammer. (See *Dkt. 393*) (minute entry; no transcript or waiver attached). Under *Faretta v. California*, 422 U.S. 806, 835 (1975), and *Fed. R. Crim. P.* 44(a), a court may permit self-representation only after ensuring on the record that the defendant understands "the dangers and disadvantages of self-representation." Because neither a transcript nor a signed waiver form appears on the docket, the Court cannot presume that the required colloquy occurred.

Nevertheless, the *Opinion and Order* repeatedly relies on my *pro se* status to characterize filings as knowing and voluntary. Absent a documented *Faretta* waiver, those findings rest on an incomplete record and constitute structural error. Reconsideration is therefore warranted to compel production of the certified *Faretta* transcript or, alternatively, to make specific findings confirming compliance with *Faretta*, *United States v. Peppers*, 302 F.3d 120 (3d Cir. 2002), and *Fed. R. Crim. P.* 44.

I also note that a Notice of Dismissal of Counsel, bearing a Clerk's *"Received"* stamp dated January 22, 2025, was hand-delivered and mailed to the Clerk's Office but was never entered on the docket. As documented in Exhibit A § VII(D)(6), this omission constitutes a clerical error under *Fed. R. Crim. P.* 36 and should be corrected *nunc pro tunc* to reflect timely receipt and filing prior to the *Faretta* hearing.

## G. Plea-Vacatur Ruling Unsupported by the Record

The portion of the *Opinion and Order* denying the motion to vacate the guilty plea (*Dkt. 401*) must be vacated. The Court relied on *Dkt 417* and a referenced plea-hearing transcript that was never filed, so its voluntariness finding lacks record support.

As detailed in *Exhibit A § IV(H)*, the Court relied on *Dkt 417* and a missing plea transcript while the record shows coercive confinement and inadequate counsel access; reconsideration is required to ensure Rule 11 compliance.

### H. Additional Procedural Errors in the Opinion and Order

The *Opinion and Order* also contains several procedural irregularities and rulings entered without jurisdiction. As detailed in *Exhibit A § VII(C)*, the Court denied motions that had been withdrawn or were not ripe, including *Dkts. 396, 400, 451, and 453*, thereby exceeding its jurisdiction and creating record inaccuracies that require correction.

### I. Pattern of Improper Moot Rulings

The *Opinion and Order* also denied numerous pending motions as "moot" without identifying any intervening event that actually rendered them moot. As detailed in *Exhibit A § VII(B)*, these rulings improperly extinguished live and unopposed motions without explanation on the record under Rules 16(d)(2), 41(g), and 47(b), constituting clear error requiring reconsideration.

## IV. PROCEDURAL POSTURE AND BASIS FOR RECONSIDERATION

This motion arises from a clear procedural irregularity. The Government filed one incomplete opposition (*Dkt. 417*) on April 21, 2025, no responses thereafter, and I filed a *Notice of Errata* (*Dkt. 481*) with a *Proposed Order* (*Dkt. 481-1*) to strike the defective exhibit. Despite that notice, the Court did not rule on the proposed order and issued the *Opinion and Order* denying all pending motions as if the record were complete. This motion seeks limited reconsideration and clarification to correct those procedural and evidentiary deficiencies and ensure that all rulings rest on a complete and accurate record. The Third Circuit has held that a district court's failure to develop or maintain a complete record before ruling on dispositive motions constitutes reversible procedural error. *See United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010); *Fiorelli*, 337 F.3d at 288.

## V. PREJUDICE

The unresolved procedural errors continue to prejudice me. The absence of substantive Government responses and reliance on missing evidence prevent me from accessing discovery, verifying the custody and disposition of seized

property, and preparing for sentencing or collateral review. Each day without resolution compounds this prejudice and undermines fairness. Reconsideration and partial vacatur are therefore necessary to restore procedural integrity and prevent manifest injustice.

Specific examples of this continuing prejudice—including the unresolved forensic-evidence request (*Dkt. 494*) and the unopposed 3.67 BTC property-return matter—are detailed in *Exhibit A §§ V(D) and V(F)*.

**Reference to Exhibit C**

For the Court's convenience, Exhibit C attached hereto provides a comprehensive summary of every motion, notice, and supplemental filing affected by the *Opinion and Order*. It identifies the filing date, subject matter, Government response status, and the specific relief requested in this Motion for Reconsideration. The table is incorporated by reference in its entirety so that the Court may easily determine which filings require substantive Government responses or individualized rulings upon vacatur.

## VI. REQUESTED RELIEF

For the reasons above, I respectfully request that the Court:

**(1)** Order the Government to file or certify the February 5, 2025 *Faretta*-hearing transcript (*Dkt. 393*), or, if unavailable, direct Magistrate Judge Hammer to conduct a supplemental colloquy confirming that my waiver of counsel was knowing, voluntary, and intelligent, as required by *Faretta v. California*, 422 U.S. 806 (1975), and *United States v. Peppers*, 302 F.3d 120 (3d Cir. 2002).

**(2)** Direct the Clerk of Court to enter *nunc pro tunc* the Notice of Dismissal of Counsel bearing the Clerk's "Received" stamp dated January 22, 2025, and to correct the docket to reflect that the filing was timely mailed, received, and served prior to the *Faretta* hearing, in accordance with *Fed. R. Crim. P.* 36 and D.N.J. L. Civ. R. 79.1. The requested record correction is purely administrative and does not affect the substantive reconsideration issues, but it is necessary to preserve the integrity of the docket and the validity of the *Faretta* determination.

**(3)** Vacate in part the *Opinion and Order*, including (a) the plea-vacature ruling and (b) the Court's ruling on withdrawn Motion *Dkt. 396*, to the extent the

Court relied on *Dkt. 417* and "Exhibit A" that were not part of the record, and as to all other motions identified in Exhibit A and in Sections D–G of this filing that were denied as moot or without substantive opposition;

**(4)** I respectfully note that the Government has been on notice of these motions and their subject matter since early 2025 and has repeatedly declined to file substantive responses despite multiple defense requests (*see*, e.g., *Dkts 469, 477, 482, 486)*. Because the issues are neither new nor complex, and further delay would perpetuate prejudice, I request that the Court require the Government to respond within seven (7) days of the Court's Order, or within such a shorter period as the Court deems appropriate.

**(5)** Order the Government to file substantive written responses to each outstanding motion — including the discovery clarification issues raised in my September 23, 2025 letter to AUSAs Robert Moore and Trevor Chenoweth (attached as Exhibit B, previously sent to the Government but not before the Court) — within seven (7) days of the Court's Order, or such other period as the Court deems appropriate, and to show cause why any further extension should be granted;

**(6)** Address the outstanding sealing and access issues consistent with my forthcoming Renewed Motion to Unseal — either
    (a) order that the relevant filings and exhibits be unsealed; or
    (b) conduct an *in camera* review of any portions the Court deems sensitive; or
    (c) direct the Government, within seven (7) days, to file a written justification identifying with specificity any portions it contends should remain sealed. I will promptly file the Renewed Motion to Unseal and supporting materials to assist the Court in implementing this relief; I stand ready to file the Renewed Motion to Unseal and supporting exhibits within forty-eight (48) hours of any clarification or directive from the Court.

**(7)** Alternatively, treat the identified motions as unopposed and grant the specific relief requested in Exhibit C, or enter any other order that is just under Rule 16(d)(2) and the Court's inherent supervisory authority; and

**(8)** Clarify whether the *Opinion and Order* constitutes a final adjudication of all discovery, property-return, and unsealing issues, or whether such matters remain open for sentencing or post-conviction review.

I respectfully request that, upon granting reconsideration or clarification, the Court directs the Government to file substantive responses to any motions reinstated to active status.

**Additional Procedural Safeguard:**

Should the Court permit any post-judgment supplementation of the record or Government filings, I respectfully request that the Court make an express finding of excusable neglect under *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993), and state the factual basis for such finding. This safeguard will preserve due-process clarity and ensure that any supplementation occurs on a fully documented and reviewable record.

## VII. CONCLUSION

For the reasons set forth above, I respectfully ask this Court to reconsider and clarify its *Opinion and Order* to correct the procedural oversights that occurred and to ensure a complete and accurate record for review. The Government was ordered to respond to these motions months ago, failed to do so, and has offered no excusable reason for that failure. The resulting one-sided record deprived the Court of the factual foundation necessary to decide discovery, property, and plea-related issues fairly. Reconsideration and partial vacatur are therefore required not to reopen settled questions, but to restore the integrity of the adversarial process that federal criminal practice demands.

The broader institutional implications of these record-integrity issues are discussed in Exhibit A § IX (Meta-Level Judicial Patterns and Institutional Context).

All issues raised herein are expressly preserved for appellate review under 28 U.S.C. § 1291 and the collateral-order doctrine should the Court decline to grant relief.

**Notice Regarding Further Briefing**

I note that this motion incorporates my legal memorandum in full, including the Memorandum of Law in Support of Motion for Reconsideration and Clarification, dated October 6, 2025, which was provided to the Government that same day but has not yet been docketed. I stand ready to file that memorandum formally or attach it as an exhibit if the Court wishes to

include it in the record. Upon the Government's response or any direction from the Court, I intend to file a Memorandum of Law in Further Support to address any new arguments, authorities, or factual representations and to assist the Court in completing the record, consistent with Local Civil Rule 7.1(d) or any schedule the Court sets.

If the Court declines to rule or delays a decision beyond a reasonable period, I reserve the right to seek appropriate relief under 28 U.S.C. § 1651.

Accordingly, I respectfully request that the Court vacate its *Opinion and Order* insofar as it denied *Dkts. 396, 400, 403, 451, 453, and 481*; order the Government to file or certify the February 5, 2025 *Faretta*-hearing transcript (*Dkt. 393*) or direct Magistrate Judge Hammer to conduct a supplemental colloquy confirming that my waiver of counsel was knowing and voluntary; direct the Government to file the certified plea transcript and all referenced exhibits relied upon in that *Opinion and Order*; provide me access to the full discovery record; and grant such further relief as the Court deems just and proper.

Respectfully submitted,

Jobadiah Sinclair Weeks (pro se)
Signed via DocuSign
/s/ Jobadiah Sinclair Weeks
18101 Collins Avenue, #4209
Sunny Isles Beach, FL 33160

Dated: October 17, 2025

Signed by:

*Joby Weeks*
87866A420DB4490...

11