# Exhibit A

Schedule A Item 81 ($4,410)

## SCHEDULE A

I. <u>Items Removed by the IRS from 11627 West 74th Way, Arvada, Colorado, on December 10, 2019, and Apparently Stored in the Denver Holding Office.</u>[1]

| ITEM # | | DESCRIPTION |
|---|---|---|
| 1B192 | (U) Item 104 | "20 Trillion Dollar" Silver (colored) piece. |
| 1B191 | (U) Item 103 | Ron Paul 1 oz copper (colored) coin. |
| 1B190 | (U) Item 102 | Approximately 80 collector quarter dollar coins. |
| 1B189 | (U) Item 101 | (3) NTR Metals 10oz silver (colored) bars. |
| 1B186 | (U) Item 98 | Approximately 22 gold (colored) coins. |
| 1B185 | (U) Item 97 | Approximately 150 dimes. |
| 1B184 | (U) Item 96 | Approximately 72 silver (colored) coins. |
| 1B180 | (U) Item 92 | (20) 1/10 gram gold (colored) certificates in collector cases. |
| 1B179 | (U) Item 91 | 20 cannisters containing approximately 500 silver (colored) coins in plastic case. |
| 1B177 | (U) Item 89 | Ethereum cold storage coin. |
| 1B176 | (U) Item 88 | Trezor Bitcoin wallet hardware. |
| 1B175 | (U) Item 87 | Ledger HW.1 wallet hardware(cryptocurrency) |
| 1B169 | (U) Item 81 | ==Cash $100.00 x 34 = $3,400, $50.00 x 20 = $1,000, $2.00 x 1 = $2.00, Coins $1.00 x 8 = 8.00 for a total of $4,410.00 in US Currency==. |
| 1B166 | (U) Item 78 | 23 cannisters copper (colored) coins. |
| 1B165 | (U) Item 77 | (1) Academy silver (colored) bar, 10 troy oz. |
| 1B164 | (U) Item 76 | (1) NTR 10 troy oz silver (colored) bar. |
| 1B163 | (U) Item 75 | (1) d'Anconia 1oz copper (colored) coin. |
| 1B162 | (U) Item 74 | (1) Rob Gray 1oz copper (colored) coin. |
| 1B161 | (U) Item 73 | (1) AOCS approved 1oz copper (colored) coin. |
| 1B160 | (U) Item 72 | (1) Hunk Papa Lakota 1/2oz copper (colored) coin. |
| 1B158 | (U) Item 70 | (5) 1oz Silver (colored) coins. |
| 1B155 | (U) Item 67 | (1) pouch containing 2 pair gold (colored) earrings, (1) gold (colored) ring, (1) gold (colored) necklace. |
| 1B154 | (U) Item 66 | 1 pair earrings, (3) loose .156 carat diamonds. |

---

[1] See **Attachment A** (a PDF file provided by AUSA Jamie Hoxie to defense counsel); and, **Attachment B** (an Inventory Listing of All Items Seized at Search Warrant Site).

# Exhibit B

Florida MoA excerpt (cash seizure noted)

    At that time, there was a small spark from an extension cord next to the bed. S/A Qaqish stepped on the spark and extinguished it. The extension cord appeared to have been previously damaged. WEEKS also asked agents to put his Maui Jim sunglasses, located in the kitchen, in his bag. WEEKS identified them in the kitchen and Acting SSA Johnson and S/A Qaqish placed the sunglasses in WEEKS' bag. Agents exited the Air B&B at approximately 6:41 p.m. and closed the outside door per WEEKS' instructions. Photographs were taken by S/A Qaqish prior to entry and after exit. Acting SSA Johnson took a video on his cell phone exiting the property as well. Agents then departed the Air B&B.

11. At approximately 6:56 p.m., agents arrived at the Palm Beach County Jail – Gun Club. The ending mileage for the vehicle was 23,365.6. At that time, WEEKS asked to call his wife however he did not recall her number. An attempt was made to call her at (808) 796-6694 however that was the wrong number. WEEKS then asked to call his mother at (303) 808-7882. WEEKS spoke with her on speaker phone with S/A Watkins, S/A Qaqish, and S/A Helmstetter via S/A Helmstetter's government cell phone.

12. While being processed at the Palm Beach County Jail, WEEKS was found to be in possession of a belt with a hidden pocket containing an undetermined amount of U.S. Currency. When asked why WEEKS did not tell agents about this, he said "no one asked." The belt and cash were put in evidence bags provided by the Palm Beach County Jail and sealed.

13. Agents transported the items located from the Air B&B and the Palm Beach County Jail back to the IRS-CI West Palm Beach office. It should be noted that the cell phone seized from the Air B&B had a case containing US currency, credit/debit cards, a Mexican National Electoral card and other miscellaneous cards. The items were photographed, placed in an evidence bag, and sealed. The sealed evidence bags from both the Air B&B and the Palm Beach County Jail were placed in the SSA safe at the IRS-CI West Palm Beach office.

14. S/A Qaqish and S/A Helmstetter proceeded to the West Palm Beach Marriott where WEEKS was arrested earlier in the day for the purposes of conducting the consent search of his rental vehicle. S/A Helmstetter was in possession of the evidence bag containing WEEKS' personal effects, including his rental car keys. It should be noted that the number written on the consent form was located on the back of the rental car key keychain but it did not match the license plate of the car. S/A Helmstetter photographed the vehicle prior to unlocking the car. The key fob opened the vehicle and a rental car receipt in WEEKS' name was located in the vehicle. It was photographed by S/A Helmstetter. No additional items were located in the rental vehicle. S/A Helmstetter locked the vehicle and photographed the vehicle after the consent search was completed.

15. The activity was concluded at approximately 8:30 p.m.

# Exhibit C

Colorado MoA Digital-Asset Extraction Attachments (ETH, LTC, BCH, ANT, REP, BAT "Success" Logs)













# Exhibit D

AUSA Torntore December 6, 2024 acknowledgment re missing BTC

Petitioner filed a Supplemental Rule 41(g) Motion for Return of Property (Dkt. 446) along with related sealed filings, motions to compel, and motions to unseal (Dkts. 469, 477, 484, 486; compiled in Exhibit D). The Government filed no oppositions. The District Court issued no rulings.

December 2024 — The Government admitted that approximately 5 BTC in its custody were missing and that ~8.67 BTC should be returned. No corrective steps were taken, and no investigation has been disclosed regarding how assets in federal custody disappeared. Such a disappearance raises serious concerns regarding the Government's ability to safeguard seized property and undermines confidence in the integrity of the prosecution.

The consequences are substantial. Petitioner's property rights remain violated. His due process rights have been impaired by the absence of inventories, custody logs, or audits. His ability to litigate his Supplemental Motion to Vacate his Plea (Dkt. 485) has been obstructed, as unresolved asset disputes directly bear on the voluntariness of his plea.

Mandamus relief is warranted because:

1. **No other adequate means of relief exist.** The District Court has not ruled on at least fifteen filings, and Petitioner cannot appeal from judicial silence.

2. **The right to relief is clear and indisputable.** Rule 41(g) requires prompt return of non-forfeitable property, Rule 41(f) requires accurate inventories, and controlling precedent rejects indefinite government retention.

3. **Issuance is appropriate under the circumstances.** More than five years have passed since the seizure, over a year since multiple unanswered filings, and the Government itself has admitted assets are missing and returnable.

This case satisfies the standard for mandamus set forth in *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367 (2004). First, Petitioner has no other adequate means of relief, as the District Court has refused to rule on more than fifteen pending motions and submissions. Second, Petitioner's right to relief is clear and indisputable: Rule 41(f) and Rule 41(g) impose

2

# Exhibit E

Government-created report pages showing the 4.99995661 BTC transfer





