UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**United States of America**

   v.

 **Jobadiah Sinclair Weeks**

 Crim. No. 19-877 (CCC)

DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION (ECF No. 522)

Defendant submits this limited reply to the Government's November 19, 2025 opposition (ECF No. 522). The Court's October 22, 2025 Text Order (ECF No. 508) directed the Government to address each of the issues identified in Defendant's motion (ECF No. 511). The Government's submission does not address many of these issues. Instead, it repeated prior arguments, declined to certify any portion of the record, and avoided nearly all factual questions necessary to correct or complete the record underlying ECF No. 497. See ECF No. 508 ("Submissions must be focused, concise, and limited to the issues the Court directed to be addressed.").

To assist the Court, Exhibit A (attached) provides a compliance index of the twenty-one issues identified in ECF No. 511. As shown, the Government answered only six items, and only partially. Fifteen issues were not answered at all. ECF No. 508 emphasizes that all parties must "directly address the issues identified by the Court." The Government did not do so for fifteen of twenty-one questions.

Defendant respectfully notes his continued intent to follow the Court's guidance in ECF No. 508 regarding concise, issue-focused submissions. For clarity, Defendant also confirms that

1

ECF No. 513, referenced by the Government, concerns only administrative record-clarification issues before Magistrate Judge Hammer and does not supplement or overlap with the Motion for Reconsideration now before this Court.

## I. Issues Not Addressed in the Government's Filing, Which Are Deemed Unopposed Under Local Rule 7.1(d)(7)

Under Local Civil Rule 7.1(d)(7), arguments not addressed in an opposing brief are deemed unopposed. The Government did not answer Questions 1, 2, 4–7, 9–14, 16, and 18–21 (Exhibit A). These issues therefore stand unopposed under the rule, unless the Court determines otherwise, and the limited record-correction relief requested in ECF No. 511 should be granted.

## II. The Government Was Given Advance Notice of All 21 Questions and Still Declined to Answer

Despite receiving advance written notice of the twenty-one issues requiring clarification—consistent with the Court's instruction that responses be clear and direct—the Government declined to address most of them.

Before the Government filed ECF No. 522, Defendant provided written notice identifying all twenty-one questions requiring clarification, consistent with the Court's directive that each issue raised in ECF No. 511 be directly addressed:

- Email #1 (November 7, 2025) — Scope of Required Answers. Noting that all arguments in ECF No. 511 must be answered.
- Email #2 (November 10, 2025) — Record Certification Inquiry: Plea and Faretta Transcripts. Requesting confirmation whether certified plea and Faretta records exist and when they were obtained.

2

- Email #3 (November 7, 2025) — Record Clarification: "August 12, 2020 Proffer." Identifying misdated and unsourced "August 12" proffer statements and asking the Government to certify or correct them.

The Government acknowledged these communications but did not address the questions in its opposition. This indicates the omissions in ECF No. 522 were not inadvertent and reinforces the need to deem these issues unopposed under L. Civ. R. 7.1(d)(7).

**III. Representative Examples of Unanswered Issues**

Defendant also responds to the Government's six partial answers below, each of which remains incomplete, non-responsive, or avoids the specific questions raised in ECF No. 511.

1. Missing Plea Transcript (Question 1)

The Government still refuses to file or certify the November 5, 2020 plea transcript, stating only that transcripts are 'available' at courthouse terminals. Because an unfiled transcript cannot be included in the record, its absence prevents the Court from confirming what materials were before it at the time of the plea and limits meaningful appellate review.

2. Non-Existent "August 12 Proffer" (Question 3)

The Government's filing does not clarify whether an 'August 12, 2020 proffer session' occurred, even though this reference appears in the Court's October 8 *Opinion and Order*. The factual basis for that reference remains unsupported.

3. Discovery Completeness and Withheld Materials (Questions 6–7)

SARs, the December 2019 Crypto Seizure Memorandum, IRS-CI memoranda, and seizure-chain records remain uncertified. The Government asserts privilege but offers no

3

privilege log, no certification of completeness, and no statement that these items were produced.

4. Digital-Asset Custody and Rule 41(g) Jurisdiction (Questions 8–10)

The Government avoids all chain-of-custody questions, provides no wallet IDs or TXIDs, and does not engage with authority that Rule 41(g) and related custody questions remain justiciable post-plea. It also does not identify any continuing forfeiture predicate after Count One dismissal.

5. Mootness of Motions (Question 19)

The Government repeats that the motions are "moot" because the plea stands, but it does not address Defendant's authorities demonstrating that certain discovery, Rule 41(g), and record-accuracy issues survive a guilty plea and must be resolved on the existing record. Because the Government fails to respond, its mootness rationale remains unsubstantiated and unopposed. Courts have consistently recognized that record-clarification, Rule 41(g), and transcript issues remain justiciable even after a guilty plea.

6. Record-Integrity Certification and Sealing Index (Questions 18, 20–21)

The Government does not identify the specific materials relied on in ECF No. 497, nor does it provide the requested sealed-versus-public index or any record-integrity certification. Without this clarification and index, the record cannot be accurately certified for appellate review.

**IV. Reconsideration Standard**

The Government cites the wrong standard. Under *Max's Seafood Café v. Quinteros*, reconsideration is warranted where the Court overlooked key facts or where correction is

4

needed to prevent manifest injustice. The relief sought here is strictly record-corrective, not merits-based.

**V. Relief Requested**

Defendant raises no new issues and limits this reply to the matters identified in the Court's October 22, 2025 Order, consistent with ECF No. 508's directive that submissions be clear, accurate, and confined to properly supported factual material. Because these issues stand unopposed under L. Civ. R. 7.1(d)(7), and consistent with the narrow scope of reconsideration under *Max's Seafood Café*, Defendant respectfully requests the following limited record-clarification relief:

1. Filing or certification of the November 5, 2020 plea transcript and February 5, 2025 Faretta transcript.
2. Certification or disclaimer of any "August 12, 2020 proffer" materials, including clarification whether such a session occurred and, if not, correction of any misdated references.
3. Discovery-completeness certification and a privilege log for withheld SARs, digital-asset seizure records, and IRS-CI memoranda.
4. Asset-custody and seizure-record certification, including wallet IDs and TXIDs, or, if appropriate, referral to Magistrate Judge Hammer for administrative clarification of custody records.
5. Reconsideration of motions deemed moot, or in the alternative, deeming the unanswered issues unopposed under L. Civ. R. 7.1(d)(7).
6. Record-integrity certification identifying all materials relied upon in the October 8, 2025 *Opinion and Order* (ECF No. 497), together with a sealed vs. public index sufficient to permit appellate review.

5

    7. Any further clerical corrections needed to ensure a complete and accurate record.

This relief does not reopen the merits and is limited to preserving the integrity of the record for appellate review.

Respectfully submitted,

/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Defendant (pro se)
Home address on file with Pretrial Services
Dated: December 3, 2025

Signed by:
Joby Weeks
87866A420DB4490...

**Exhibit A – Government Compliance Index (21 Questions)**