UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States of America,
    Plaintiff,

v.

Jobadiah Sinclair Weeks,
    Defendant.

Case No. 2:19-cr-877 (CCC)


MOTION TO SUPPLEMENT THE RECORD WITH DEFENDANT'S CLARIFYING MEMORANDUM


I. INTRODUCTION

Defendant Jobadiah Sinclair Weeks, appearing pro se, respectfully moves the Court to:

> (1) clarify and address factual inconsistencies contained in the Government's submissions that rely on derivative narrative material originating from the April 19, 2019 IRS-CI interview; and
> (2) accept and docket the attached Fact-Finding Memorandum as a supplemental record clarification.

This motion does not seek any determination on the merits of pending motions. Rather, it seeks to ensure that the Court has an accurate, verified, and traceable factual record before resolving those motions. A true and correct copy of the Fact-Finding Memorandum, titled *Fact-Finding Memorandum Regarding the April 19, 2019 IRS–CI Interview and Subsequent Government Filings*, is attached hereto as Exhibit A.

This motion does not request any delay in the Court's resolution of pending motions and does not expand the issues already before the Court. It is submitted solely to maintain an accurate and complete record for judicial reference.

II. BASIS FOR THIS MOTION

Since January 15, 2020 (ECF 24), the Government has repeatedly relied on statements that:

- do not appear in the IRS-CI April 2019 notes,

- do not appear in the verified Facebook export,
- were never supported by source documents, and
- have been repeated in later internal memoranda (Aug. 17 & 25, 2020), the IRS Chief Counsel Memo (Oct. 2020), and ECF 417 (Apr. 22, 2025).

The attached Exhibit A (Fact-Finding Memorandum) documents:

1. the original IRS-CI April 2019 Notes;
2. how derivative statements—such as "promoter and broker," VPN/offshore-account claims, and "anti-government rhetoric"—first entered the record in ECF 24;
3. how those statements were repeated in internal memoranda without new evidence;
4. how those unsupported statements later appeared in ECF 417;
5. where the Government's filings diverge from contemporaneous evidence.

The memorandum also identifies statements in ECF 24 and ECF 417 that have no sourcing in the underlying investigative record, and statements that were repeated in later memoranda despite lacking verification.

This raises a narrow and purely procedural issue: The Court should have an accurate factual foundation before adjudicating any of the pending motions.

III. REQUESTED RELIEF

Defendant respectfully requests that the Court issue an order providing the following:

**1. The Court shall accept and docket the attached Fact-Finding Memorandum as a supplemental clarification of the existing record.**

This preserves the chronology and origin of the Government's factual assertions for judicial reference.

**2. The Government shall review and confirm the sourcing of statements identified in the memorandum that:**

- do not appear in the IRS-CI April 2019 Notes;
- do not appear in any authenticated Facebook export;
- do not appear in internal IRS/Treasury memoranda except as derivative repeats;
- first appeared in ECF 24 without sourcing.

**3. The Government shall identify whether:**

- any such statements were supported by investigative evidence at the time of filing;
- any additional source materials exist that have not yet been produced;
- or whether the statements were narrative characterizations rather than factual assertions.

This is a limited, non-adversarial request intended solely to maintain factual accuracy. This request is confined to identifying the source, if any, of the specific statements enumerated in the memorandum; it does not seek additional discovery, production, or an evidentiary hearing at this time.

IV. GROUNDS FOR RELIEF

**A. Courts May Clarify and Correct the Factual Record**

Federal courts routinely allow record supplementation where:

- filings contain unsupported factual assertions;
- factual disputes arise concerning the sourcing of Government statements;
- the Court requires a clear and accurate record to rule on pending motions.

This motion is procedural, not substantive.

**B. The Government's January 2020 and April 2025 filings contain statements not supported by contemporaneous documents**

The Fact-Finding Memorandum (attached) identifies:

- quotations not present in the Facebook record;
- descriptions not present in IRS-CI Notes;
- terminology reused across years without independent verification.

These discrepancies warrant clarification.

**C. Clarification promotes judicial efficiency**

A clean, well-documented record ensures that:

- pending motions (ECF 513, 517, 522, etc.)
- any plea-withdrawal issues
- any potential evidentiary hearings

can be resolved based on accurate, traceable facts.

3

V. CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court:

1. Accept and docket the attached Fact-Finding Memorandum as a supplemental clarification of the record;
2. Direct the Government to review and confirm the sourcing of the disputed statements identified therein; and
3. Grant any further relief necessary to maintain an accurate and reliable factual record.

Respectfully submitted,

/s/ Jobadiah Sinclair Weeks
Pro Se Defendant
Address on file with U.S. Pretrial Services
Dated: December 4, 2025



Exhibit A – Fact-Finding Memorandum Regarding the April 19, 2019 IRS–CI Interview and Subsequent Government Filings

4