

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                                          973-645-2700
*Newark, New Jersey 07102*

January 7, 2026

Honorable Claire C. Cecchi, U.S.D.J.
Honorable Michael A. Hammer, U.S.M.J.
Martin Luther King, Jr. Federal Building
  & United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

        Re:    *United States v. Jobadiah Sinclair Week*, 19-cr-877 (CCC)

Dear Judge Cecchi and Judge Hammer,

      The Government writes to: (1) oppose Mr. Jobadiah Sinclair Weeks's motion to modify his conditions of release, ECF No. 537; and (2) highlight, in general, that Weeks's filing of dilatory, redundant, and meritless motions—often generating conflict and confusion where none should exist—will not end until the Court denies his motion for reconsideration, schedules a sentencing date, and finally resolves this case. Doing so would also avoid continued litigation of bail modification and revocation. The Government respectfully requests that Judge Cecchi deny Weeks's motion for reconsideration for the reasons stated in its Opposition, ECF No. 522, and that Judge Hammer deny Weeks's motion for modification of his bail conditions for the reasons below.

      First, the Government opposes Weeks's request to remove the encumbrance on his family's real property, which would convert his bond from secured status to unsecured. In short, there is a risk of flight that removing this collateral would exacerbate and, importantly, Weeks has entered a valid guilty plea and is pending sentencing, at which time the issue of collateral will no longer exist. Even though Weeks previously attempted to withdraw that guilty plea, Judge Cecchi denied the request. ECF No. 497. Weeks's motion for reconsideration is now pending. *See* ECF Nos. 500, 508, 511, 522. The reasons to deny that motion are overwhelming, and after it is denied, all that remains is sentencing. As he approaches sentencing, Weeks's incentive to flee will continue to rise to its highest level since he was first arrested on these charges. For that reason, the Bail Reform Act instructs that judges "shall order"

detention for defendants awaiting imposition or execution of a sentence absent "clear and convincing evidence" refuting that presumption. 18 U.S.C. § 3143(a)(1). In any event, when Weeks begins his sentence, the bail issues will become moot and any encumbrance on his parents' assets will be lifted. Furthermore, the Government moved to revoke bail due to Weeks's ongoing non-compliance with the terms of his release, ECF No. 472, and renewed that motion in November based on additional noncompliance, ECF No. 524. Granting Weeks's latest request would reward his repeated non-compliance. [1]

Second, Weeks continues to make frivolous filings meant to create confusion. Excluding the large number of motions and letters that preceded Judge Cecchi's October 8, 2025 denial of Weeks's motion to withdraw his guilty plea, Weeks has filed some 20 motions or letter requests with both courts since that time. ECF Nos. 500, 503, 504, 510, 511, 513, 517, 518, 520, 527, 528, 529, 531, 534, 535, 537, 540, 541, 542. Weeks's most recent letter was filed on January 6, 2026. ECF No. 546. In it, among other things, he makes renewed requests for discovery that he is not entitled to having already pleaded guilty and, even if he were, the requests have been addressed, denied in the first instance, and are pending as part of his reconsideration motion. The latest request is addressed to Judge Cecchi. But, as the Government outlined in a letter to Judge Hammer on November 26, 2025, Weeks continues to request substantially similar relief from both judges in separate filings. ECF No. 526. Through his repeated and duplicative filings, Weeks is avoiding the page limits imposed on his previous requests. More concerning, he is attempting to take advantage of the confusion that might result from slight differences in the two judges' rulings in response to repackaged variants of the same requests. *Id.*

Weeks is entitled to make reasonable and lawful requests, and the Government has no objection to his exhaustion of those rights as a criminal defendant. But Weeks's conduct in litigation goes far beyond this. His conduct amounts to an attempt to generate confusion where there is none. And the Government respectfully notes that this behavior will not cease until Weeks's motion for reconsideration is denied, his remaining motions are denied as moot, and he is sentenced for the crimes to which he has pleaded guilty.

Respectfully Submitted,

Todd Blanche
U.S. Deputy Attorney General

Philip Lamparello

---

[1] If the Court opts not to revoke bail, it should order Weeks to cease moving for modifications absent significant new information or changes in circumstances.

Senior Counsel

_____

By:   Robert Taj Moore
      Trevor A. Chenoweth
      Assistant U.S. Attorneys