UNITED STATES DISTRICT COURT

[DISTRICT OF NEW JERSEY]

UNITED STATES OF AMERICA
v.
JOBADIAH WEEKS, Defendant

Criminal No. 2:19-cr-00877-CCC

DEFENDANT'S MOTION TO CONTINUE SENTENCING AND FOR RELATED RELIEF
PENDING RESOLUTION OF QUESTIONS CONCERNING THE AUTHORITY OF THE
UNITED STATES ATTORNEY'S OFFICE

## I. INTRODUCTION

I respectfully move for a continuance of sentencing in light of (i) unresolved questions concerning the authority[1] of the United States Attorney's Office for the District of New Jersey (the "USAO") to proceed in this matter, and (ii) the current posture of the case, including unresolved and insufficiently verified issues concerning the financial reconstruction underlying the Presentence Investigation Report ("PSR").

This motion does not ask the Court to resolve those issues on the merits, but only whether sentencing should proceed while they remain unresolved. Proceeding under these circumstances creates a material risk that sentencing would rest on an incomplete and unreliable record.

Recent judicial decisions within this Circuit have raised substantial concerns regarding the legality of the current leadership structure of that Office. Those concerns directly affect the authority of Assistant United States Attorneys to appear and act on behalf of the United States. These issues are presently the subject of active litigation and judicial inquiry within this District.

Proceeding to sentencing under these circumstances creates a substantial risk of later challenge, avoidable appellate litigation, and prejudice.

---

[1] I do not seek a determination of these issues on the merits in this motion, but only request that sentencing be deferred pending their resolution.

## II. BACKGROUND

### A. Ongoing Litigation Concerning the Authority of the USAO

In a recent decision, Chief Judge Matthew W. Brann concluded that the current "triumvirate" leadership structure of the USAO was unlawfully constituted under applicable statutes and constitutional provisions.[2]

The court expressly warned that continuation of that structure would occur "at its own risk," and ordered further briefing on multiple unresolved questions concerning the authority of federal prosecutors to proceed in criminal matters under the present circumstances.

These issues remain pending and unresolved before the courts.

### B. Recent Proceedings Before This Court and Other Judges in This District

In a recent sentencing proceeding before Judge Zahid N. Quraishi, the Court raised similar concerns regarding the authority of the USAO and declined to proceed without further factual development.[3]

The Court emphasized the need to ensure that the Government appearing before it is lawfully authorized to do so and indicated that evidentiary proceedings, including testimony under oath from senior officials concerning the leadership and operation of the Office, would be required before proceeding.

An evidentiary hearing on these issues has been scheduled.

This is particularly true where, as here, the issues affect not only the procedural validity of the proceeding but also the substantive framework on which the sentence would be based.

---

[2] See United States v. Naviwala, Crim. No. 24-99 (M.D. Pa. Mar. 9, 2026), concluding that the "triumvirate has been unlawfully delegated the authority of the United States Attorney for the District of New Jersey in violation of the FVRA, the statutory offices its members purport to hold, and the Appointments Clause of the United States Constitution," and warning that if the structure remains in place, it does so "at its own risk."

[3] See United States v. Villafane, Crim. No. 25-232 (D.N.J. Mar. 16, 2026) (Quraishi, J.) (raising concerns regarding the authority of the USAO and indicating that testimony would be required to determine whether the Government is authorized to proceed).

**C. Current Posture of This Case**

My sentencing is presently scheduled for April 16, 2026.

There is no immediate public safety concern requiring urgent sentencing. I am currently on home detention under Court-imposed conditions and have remained compliant with those conditions.

The issues described above directly bear on the legitimacy of the Government's participation in this proceeding and, by extension, the integrity of the sentencing process.

**III. ARGUMENT**

**A. The Court Should Not Proceed to Sentencing While the Government's Authority Is Under Active Judicial Scrutiny**

Fundamental principles of due process require that criminal proceedings be conducted by duly authorized representatives of the United States.

Where substantial and unresolved questions exist regarding that authority, proceeding to sentencing risks undermining the legitimacy of the proceeding and creating avoidable appellate issues.

Courts within this District have already recognized the seriousness of these concerns and have taken steps to address them prior to proceeding further.

A brief continuance will allow these issues to be clarified in an orderly manner.

These concerns do not arise in isolation. As reflected in my submissions concerning the Presentence Investigation Report, the advisory guideline calculation is driven by financial reconstructions that have not been subject to meaningful independent verification.

Proceeding to sentencing while both the authority of the prosecuting office and the reliability of the financial foundation remain unresolved creates a risk that the sentence would rest on an incomplete or uncertain record. This includes both the reliability of the financial reconstruction and the completeness of the record on which the Court would rely.

In addition, the procedural record reflects that certain issues identified for clarification were not substantively addressed in the Government's responsive briefing. Despite the Court's direction that those issues be addressed, the Government's submission did not meaningfully

engage with those questions, leaving material portions of the record unresolved at the time the motions were decided on the papers.[4]

The issue is not whether these authority questions have been definitively resolved, but whether sentencing should proceed while they remain under judicial review, where doing so risks unnecessary error.

**B. A Continuance Will Promote Judicial Economy and Avoid Potentially Unnecessary Proceedings**

If sentencing proceeds now and subsequent rulings determine that the Government's authority was defective or uncertain, the result may include:

- additional post-conviction litigation
- potential vacatur or reconsideration
- duplication of judicial resources

Delaying sentencing until the authority issue is resolved avoids these risks and promotes efficient use of judicial resources.

**C. No Prejudice Will Result From a Brief Continuance**

A short continuance will not prejudice the Government.

There is no indication that delay will affect public safety, availability of witnesses, or preservation of evidence.

By contrast, proceeding under uncertainty creates a risk of prejudice to me and to the integrity of the proceeding itself.

In addition, I am currently engaged in parallel proceedings in the United States District Court for the District of Colorado (Case No. 1:26-cv-00852) seeking the return of seized property. The outcome of those proceedings may have a direct and material impact on my financial circumstances and the factual context relevant to sentencing.

Proceeding to sentencing while those matters remain pending creates a risk of incomplete consideration of my assets and financial condition, including potential irreversible loss. A brief continuance would allow for a more accurate and complete record and would reduce the risk of incomplete findings at sentencing, particularly with respect to my financial condition and asset profile.

The requested continuance is limited and proportionate to the issues presented.

---

[4]See, e.g., my April 25, 2025 submission identifying unresolved factual and legal questions (Dkt. 422); the Government's response (Dkt. 417); the Court's May 6, 2025 Text Order resolving the motions on the papers (Dkt. 427); and my subsequent submission identifying unanswered issues (Dkt. 534).

**D. The Court Has Broad Discretion to Manage Its Docket and Ensure the Integrity of Proceedings**

District courts possess inherent authority to control their dockets and to ensure that proceedings are conducted in a manner consistent with fairness, due process, and the proper administration of justice.

In light of the ongoing litigation and factual uncertainty regarding prosecutorial authority, the exercise of that discretion in favor of a continuance is appropriate.

## IV. RELIEF REQUESTED

For the foregoing reasons, I respectfully request that the Court:

1. Continue the sentencing hearing until after resolution of the pending issues concerning the authority of the USAO;

2. In the alternative, order expedited briefing from the Government addressing the legal and factual basis for its authority to proceed in this matter;

3. Grant such other and further relief as the Court deems just and proper.

## V. CONCLUSION

The issues currently under consideration by courts within this District go to the core question of who may lawfully represent the United States in criminal proceedings.

Under these circumstances, a brief continuance is a prudent and appropriate step that preserves the integrity of the sentencing process while allowing these issues to be resolved in an orderly and reliable manner.

Respectfully submitted,

/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Defendant, Pro Se
[Address on file with Pretrial Services]
Email: silenceweeks1@gmail.com
Dated: March 20, 2026

Signed by:

*Joby Weeks*

87866A420DB4490...

5